Gary JOHNS, Jr. By and Through his next friend, Gary JOHNS, Sr., and Gary Johns, Sr., Plaintiffs–Appellants,

v.

CONTINENTAL WESTERN INSURANCE COMPANY, Defendant–Respondent,

and

Donedia Johns, Defendant.

No. 16560.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 18, 1991.

David L. Steelman, Stephen F. Gaunt, Steelman & Beger, Rolla, for plaintiffs-appellants.

Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, B.H. Clampett (Michael J. Cordonnier, on the brief), Craig A. Smith, argued, Springfield, for defendant-respondent.

FLANIGAN, Chief Judge.

Plaintiffs, Gary Johns, Sr. and Gary Johns, Jr., brought this action against defendants Donedia Johns and Continental Western Insurance Company. Donedia Johns is the wife of Gary, Sr., and the mother of Gary, Jr. The trial court sustained a motion for summary judgment filed by Continental and, pursuant to Rule 74.01(b),[1] made an express determination that there was no just reason for delay. Plaintiffs appeal.

The trial court's order sustaining Continental's motion for summary judgment must be reversed for the independent reasons that the motion is defective and there is no factual basis for the arguments Continental advances in support of the order sustaining it.

In Count I of the four-count petition, Gary, Jr. and Gary, Sr. sought damages from Donedia Johns for injuries sustained by Gary, Jr. and for expenses incurred by Gary, Sr. as a result of her negligence in the operation of a motor vehicle on May 4, 1988. In Count II the plaintiffs sought recovery against Donedia on the alternate theory of res ipsa loquitur.

In Counts III and IV Gary, Jr. and Gary, Sr. sought relief against defendant Continental under policy 7–182–586, in which

Donedia was a named insured. In Count III the plaintiffs sought recovery under part C, uninsured motorist. In Count IV plaintiffs sought a declaratory judgment declaring that coverage A—liability coverage—applied to Donedia and her operation of the vehicle at the time of the May 4 accident and, in the alternative, if she was not so covered, that the plaintiffs were entitled to the benefits of part C. The trial court's order disposed only of Counts III and IV.

The brief of plaintiffs-appellants sets forth certain facts. "The respondent's brief may adopt the statement of facts of the appellant or, if not satisfied therewith, respondents shall, in a concise statement, correct any errors therein." Rule 84.04(f). Continental's brief as respondent neither adopts appellants' statement of facts nor makes any effort to correct any errors therein. Continental's brief contains no statement of facts.

"A motion for summary judgment 'shall state with particularity the grounds therefor....' Rule 74.04(c). The plain purpose of that requirement is to apprise the opposing party and the trial court (and in turn the appellate court) of the specific basis on which the movant claims he is entitled to summary judgment. With the issues so focused, the opposing party may prepare his defense to the motion and the trial court may make an informed ruling. If the motion is sustained and the opposing party appeals, the issues are clear-cut. The appellate court need not speculate concerning the grounds on which summary judgment was granted. All this serves to expedite the disposition of the case. A motion for summary judgment which fails to meet the requirement is defective."

*Barkley v. Carter County State Bank,* 791 S.W.2d 906, 915 (Mo.App.1990).

█ The body of Continental's motion reads:

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

"MOTION FOR SUMMARY JUDGMENT

COMES Now Defendant [Continental], by and through its undersigned attorneys, and moves this Court pursuant to Civil Rule 74.04 for summary judgment in Defendant's favor. In support of its motion, Defendant ... states:

1. That this is an action for damages arising out of a motor vehicle accident; and

2. That the pleadings on file, and the documents attached hereto as Exhibit 'A' shows by unassailable proof that (a) there is no genuine issue as to any material fact relating to the issue of [Continental's] legal liability and (b) [Continental] is entitled to judgment as a matter of law; and

3. In further support of its motion, Defendant incorporates by reference its 'Suggestions In Support Of [Continental's] Motion to Dismiss' previously filed in this Court.

WHEREFORE, Defendant [Continental] moves this Court forthwith enter judgment in Defendant's favor."

Exhibit A, attached to the motion, consists only of a certified copy of Continental's personal auto policy 7–182–586, including its declarations page. That page lists the named insureds as Gary and Donedia Johns, and the policy period as April 14, 1988, to October 14, 1988. The coverages include Coverage A (liability—bodily injury—property damage), Coverage B (medical payments), and Coverage C (uninsured motorist—bodily injury). The two described vehicles are a 1980 Toyota Corola and a 1980 Datsun pickup. Identification numbers and body types for the two vehicles are listed.

Paragraph 2 of the motion does not satisfy the requirement of Rule 74.04(c) that a motion for summary judgment shall state with particularity the grounds therefor, (hereinafter "the particularity requirement"). Paragraph 2 is merely a legal conclusion which uses some of the language of the third sentence of Rule 74.-04(c), which reads: "The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Does paragraph 3 of the motion meet the particularity requirement? Rule 55.12 reads: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. An exhibit to a pleading is a part thereof for all purposes." Assuming, arguendo, that the "suggestions" referred to in paragraph 3 of the motion constitute a pleading or an exhibit to a pleading within the meaning of Rule 55.12, this court examines those "suggestions." They were attached to a motion to dismiss which the trial court had previously denied.

The "suggestions" consist of the following six parts: I. Facts; II. Liability Insurance; III. Uninsured Motorist Insurance; IV. Public Policy; V. Legal Liability; VI. Conclusion.

Part I of the suggestions reads:

### "I. FACTS

Plaintiffs are the husband and minor son of Defendant, Donedia Johns ('Donedia'). The minor, Gary Johns, Jr., was a passenger in a *1980 Toyota Corola automobile owned and operated by his mother,* Donedia. On May 4, 1988, without the involvement of any other vehicles, the automobile left the roadway, overturned, and Gary Johns, Jr. was injured. The accident was allegedly caused by the negligence of Donedia.

On the date of the accident, there was in effect an automobile liability insurance policy issued by [Continental] to Gary and Donedia Johns as the named insureds. The Declarations of the policy described the 1980 Toyota Corola automobile *which Donedia was driving at the time of the accident.* [Continental] denied coverage of Plaintiffs' original claims for the personal injuries of Gary Johns, Jr. under the liability section of the policy on the basis of the policy's

'household exclusion' clause which states in pertinent part as follows:

> We do not provide Liability Coverage for any person for bodily injury to you or any family member. [Endorsement PP 03 26]
>
> At Count IV of their Petition, Plaintiffs allege that the liability coverage provided in [Continental's] policy is in conflict with the provisions of The Motor Vehicle Financial Responsibility Law, Section 303.010 et seq. R.S.Mo. (1986).
>
> In addition, Plaintiffs claim coverage under Part C—Uninsured Motorist Coverage of the policy. [Continental] refused to pay Plaintiffs under the Uninsured Motorist Coverage section on the basis that the policy's definitions and exclusions established the *1980 Toyota Corola* was not an 'uninsured motor vehicle' and coverage was therefore barred.
>
> Plaintiffs' present lawsuit followed."

(Emphasis added.)

There is no factual support for the emphasized portions of Part I of the "suggestions."

Continental's motion for summary judgment was not accompanied by any affidavits. The "suggestions" previously filed were not accompanied by any affidavits. Neither of those documents was verified. Plaintiffs' petition makes no mention of a 1980 Toyota Corola and contains no description of the vehicle which Donedia Johns was operating at the time of the May 4, 1988, incident.

It is obvious, from examining other portions of Continental's "suggestions," that the *identity* of the vehicle which Donedia was driving is of paramount significance. Continental's arguments in support of their contention of noncoverage rest on the assumption that the Toyota described in the policy was the vehicle involved in the accident.

Nothing in the record on appeal or in any portion of appellants' brief mentions a Toyota vehicle or admits that the Toyota described in the policy was the vehicle involved in the May 4, 1988, incident.

It may well be that the Toyota was the vehicle involved. Indeed, that is probably the situation. The fact remains, however, that the record does not support such a finding and the judgment has no factual basis.

Intending no criticism of able counsel, this court points out that suggestions accompanying a motion to dismiss are usually not structured along the same lines as a properly drafted motion for summary judgment. Even if both sides stipulated in this court that the Toyota described on the declarations page was the vehicle involved in the accident, the acceptance by this court of that stipulation would not, as a practical matter, solve the problem. In reviewing the propriety of the trial court's order, it would be necessary for this court to determine for itself what the motion for judgment should have contained in order to meet the particularity requirement. That duty reposes on the drafter of the motion, not upon the members of this court. There is, of course, no reason why counsel, if so advised, could not draft a new motion for summary judgment and submit it for the trial court's determination. This court expresses no opinion on the merits of such a motion.

The particularity requirement of Rule 74.04(c) serves the purposes mentioned in *Barkley*. This court should not encourage noncompliance with that requirement by performing a function properly that of counsel.

The judgment is reversed and the cause remanded.

PARRISH and SHRUM, JJ., concur.