**Shirley L. MOSS, Plaintiff–Appellant,**

v.

**CITY OF ST. LOUIS, Defendant–Respondent.**

**No. 65881.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 1994.

Marc P. Weinberg, Goldenhersh Law Offices, St. Louis, for appellant.

Edward J. Hanlon, Deputy City Counselor, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Shirley L. Moss, appeals from the trial court's grant of summary judgment in favor of defendant, City of St. Louis. We reverse and remand.

Plaintiff fell as she was exiting a bathroom located in the Civil Courts Building of the City of St. Louis (City). She brought an action against City for injuries she sustained as a result of the fall. In her petition, she alleged that the bathroom and hallway leading thereto constituted a dangerous condition. City filed a motion to dismiss and in the alternative a motion for summary judg-

ment. The trial court sustained the motion for summary judgment.

In her first point on appeal, plaintiff contends that the trial court erred in granting summary judgment in favor of City because City's motion did not comply with the particularity requirement of Rule 74.04(c). City concedes that it did not comply with the rule, but argues that the motion and accompanying material adequately informed the trial court and plaintiff of the basis for the motion.

Rule 74.04(c) provides that a motion for summary judgment "shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." The plain purpose of the particularity requirement of Rule 74.04(c) is to apprise the opposing party, the trial court, and in turn the appellate court of the specific basis on which the movant claims he is entitled to summary judgment. *Johns By and Through Johns v. Continental Western Ins. Co.*, 802 S.W.2d 196, 197 (Mo.App.1991) (citing *Barkley v. Carter County State Bank*, 791 S.W.2d 906, 915 (Mo.App.1990)). When the issues are defined, the opposing party may prepare his defense to the motion and the trial court may make an informed ruling. *Id.* Further, if the motion is sustained and the opposing party appeals, the issues are clear cut and the appellate court need not speculate about the grounds on which summary judgment was granted. *Id.* A motion for summary judgment which fails to meet the specificity requirement of Rule 74.04(c) is defective. *Id.*

City's motion for summary judgment states:

In the alternative, if the Court wishes to consider facts outside the First Amended Petition, the defendant moves for summary judgment. As grounds for summary judgment defendant states there are no material facts in dispute and defendant is entitled to judgment as a matter of law. In support of this motion defendant cites [certain pages of] the depositions of plaintiff ... and the deposition of Ann Clark ... and the deposition of Constant Franklin, ... which pages are attached hereto. Defen-

dant also submits photographs of the scene which show the hallway leading to the bathroom, the step in question and the photo of the door taken from inside the ladies restroom.

Memorandum of Law In Support of this Motion accompanies this and is filed simultaneously and is incorporated by reference.

Plaintiff raised the issue of the procedural defect in City's motion to the trial court. The trial court nevertheless sustained City's motion, but did not specify the grounds for its ruling. On appeal, plaintiff reiterates the challenge to the particularity of the motion. *Compare Bruner v. City of St. Louis*, 857 S.W.2d 329, 332 n. 2 (Mo.App.E.D.1993) (on appeal, the parties addressed the trial court's ruling on defendant's motion for summary judgment as if it were made on the same basis and did not address the issue of the sufficiency of the motion).

The requirements of Rule 74.04(c) are simple and straight forward. A review of City's motion indicates that it is deficient because it does not specify the grounds on which City contends it is entitled to summary judgment. Although City incorporates by reference its memorandum of law setting forth the reasons that summary judgment is warranted, the memorandum is not structured along the same lines as a properly drafted motion for summary judgment. *See Johns*, 802 S.W.2d at 199. In addition, in reviewing the propriety of the motion, it is not the appellate court's responsibility to ascertain what City's motion should have contained in order to meet the particularity requirement; it is City's duty to draft a motion that conforms to the requirement. *See Id.* City's motion is therefore defective and the trial court erred in granting judgment thereon. Plaintiff's first point is granted.

In view of our holding under point one, we need not address plaintiff's second point on appeal.

The trial court's grant of summary judgment is reversed and the cause remanded.

CRANE, P.J., and CRIST, J., concur.