**Lonnie SNELLING, Plaintiff/Appellant,**

v.

**John BLECKMAN, Defendant/Respondent.**

**No. 66373.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 31, 1995.

Lonnie Snelling, pro se.

John Bleckman, pro se.

GRIMM, Chief Judge.

Pro-se plaintiff filed an action against defendant, which included a count denominated "Breach of Implied Contract." On January 21, 1994, pro-se defendant-attorney filed a motion for summary judgment directed to all three counts of plaintiff's petition.

The trial court sustained the summary judgment motion on the breach of contract count. However, it overruled the motion as to the other counts.

On June 10, 1994, plaintiff dismissed his other counts without prejudice. Thereafter,

defendant dismissed his counterclaim without prejudice and plaintiff timely filed this appeal.

We do not reach the merits of plaintiff's appeal. Rather, we reverse because defendant's summary judgment motion did not comply with new Rule 74.04(c)(1).

Rule 74.04(c) was amended in 1993, effective January 1, 1994. This rule now requires that a movant "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." The plain purpose of this rule is to "apprise the opposing party, the trial court, and in turn the appellate court of the specific basis on which the movant claims [entitlement] to summary judgment." *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App.E.D.1994).

In the case before us, defendant's summary judgment motion relating to the breach of contract count said:

1. Incorporates by reference—for the purpose of showing the nature, scope and limits of Plaintiff's contentions herein and not for the truth of said statements by Plaintiff—the pleadings filed by Plaintiff herein, Plaintiff's Interrogatory Answers, and Plaintiff's affidavit.

2. Incorporates by reference the Affidavit of John Bleckman filed herein.

3. Count I alleges that Defendant Attorney said he "could get ... Twenty Thousand ($20000.00) Dollars or more ..." in the underlying federal case and that therefore apparently Snelling asserts there was a contract to get said sum.

4. At other points Plaintiff refers to this interaction as a promise.

5. Plaintiff's affidavit indicates only that Defendant attorney "referenced" said amount at the initial interview.

6. Defendant's affidavit shows that the referencing was in the context of identifying a Ten to Twenty Thousand Dollar figure as being the range of upper limit value if Plaintiff prevailed on liability and punitive damages. The written contract did not contain any guarantee. Plaintiff Snelling signed the contract after the initial interview without such alleged guarantee.

7. Defendant incorporates by reference his Motion for Summary Judgment in regard to Counts II and III below.

8. Attorneys are not insurer's of success.

9. No material issue of fact exists as to whether there was any promise or assurance of recovery of said sum or any sum. Nothing supports such a proposition.

WHEREFORE Defendant prays this Court enter judgment in his favor and against Plaintiff.

■ This motion purports to incorporate plaintiff's pleadings, answers to interrogatories, plaintiff's affidavit, defendant's affidavit, and his summary judgment motion as it pertains to the other two counts. This "shotgun" approach does not meet Rule 74.04(c)(1)'s requirements.

The new rule requires that each material fact be set forth in a separately numbered paragraph. Different material facts cannot be lumped together in a single paragraph. Moreover, in each separately numbered paragraph, the movant *must* give *specific* reference to supporting documentation that demonstrates "the lack of a genuine issue as to such facts." Rule 74.04(c)(1).

In addition, defendant's motion fails in another respect. Unlike old Rule 74.04(c), new Rule 74.04(c)(1) requires that each motion have attached "thereto a separate legal memorandum." This memorandum must explain "why summary judgment should be granted." No such memorandum was attached to defendant's motion.

If summary judgment movants comply with the rule's mandates, all will be apprised of the specific basis on which the movant claims entitlement to summary judgment. Further, the opposing party can then prepare a proper response as required by new Rule 74.04(c)(2). This new rule requires that the response "shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and

shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits."

 A motion which fails to meet new Rule 74.04(c)(1)'s requirements is defective. *Moss*, 883 S.W.2d at 569. The trial court erred in granting judgment on this defective motion.

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

REINHARD and CARL R. GAERTNER, JJ., concur.