UNITED BANK OF UNION, Appellant,

v.

HARTFORD FIRE INSURANCE COMPANY, Respondent.

No. 65935.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 31, 1995.

---

Timothy Joseph Melenbrink, Union, for appellant.

John G. Doyen, Aaron I. Mandel, Clayton, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff, the United Bank of Union (The Bank), appeals from the entry of summary judgment in favor of defendant, Hartford Fire Insurance Company (Hartford). We reverse and remand.

Craig Thurman borrowed $50,012.00 from The Bank and executed a security agreement to The Bank on certain items of farm equipment. On March 27, 1991, Thurman purchased a policy of insurance from Hartford insuring against the loss of this farm equipment. The policy of insurance provided:

LOSS PAYEE: We will adjust any losses with you [Thurman] and pay any claim to you and

United Bank of Union

P.O. Box 500, Lonedell, Mo 63084 Jointly or as interest may appear.

It is alleged in The Bank's petition that two of the items of farm equipment were "taken without consent by third parties from a job site" on April 2, 1991. The Bank claimed to have sustained a loss in the amount of $42,443.71 as a result of the alleged taking. The petition further alleged The Bank's demand for payment of this amount as loss payee under the insurance policy and Hartford's refusal of this demand.

In its answer to The Bank's petition, Hartford alleged the policy was voided by reason of a policy violation by Thurman. No details, description or identification of the alleged policy violation were set forth in the answer. On January 5, 1994, Hartford filed a motion for summary judgment supported by the affidavit of David Kinealy, a claims agent of Hartford. The affidavit stated that a letter denying Thurman's claim for theft loss had been mailed to and received by Thurman. The letter, which was attached to the affidavit, advises that the claim has been denied and states, in pertinent part:

We do not believe that a theft as reported occurred. Furthermore, you have made material misrepresentations in the presentation of this claim.

In suggestions in support of its summary judgment motion, Hartford argued that the language of the loss payee provision of the policy, by which it promises to pay the insured and The Bank "jointly or as interest may appear" constitutes an "open" loss payable clause conferring upon The Bank no greater rights than those of the named insured.

The Bank made no response admitting or denying the facts set forth in Hartford's motion and the accompanying affidavit. The Bank did file a legal memorandum suggesting the absence of facts as opposed to conclusions in Hartford's motion. The trial court granted the motion and entered judgment for Hartford.

■ On appeal The Bank first attacks the form of Hartford's summary judgment motion for failure to comply with the amended Rule 74.04(c)(1) in that it fails to state with particularity in separately numbered paragraphs each material fact as to which movant

claims there is no genuine issue. The Bank's contention regarding the procedural defects of the motion is patently correct and constitutes ample grounds for reversal. *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo. App.1994).

■■ Moreover, Hartford failed to make a prima facie showing that it was entitled to summary judgment. Hartford's unverified motion alleges that it denied Thurman's claim on the grounds that the policy's terms had been violated and that The Bank has no greater rights than Thurman. The allegations are supported only by Kinealy's affidavit which states that a denial letter was sent to Thurman. The attached letter states that Hartford does not *believe* the reported theft occurred and that Thurman made a material misrepresentation. What Hartford believes or does not believe is not a material fact. Nowhere does Hartford state any facts which might lead to the conclusion that a misrepresentation has been made. What policy term has been violated in what manner remains a mystery. In short, the motion for summary judgment and its supporting documents are devoid of material facts showing Hartford's entitlement to judgment as a matter of law. Therefore, the effect of The Bank's failure to file counter affidavit's is irrelevant and need not be considered. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 381 (Mo. banc. 1993).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

GRIMM, C.J., and SMITH, J., concur.