Richard MILLER, et al., Appellant,

v.

ERNST & YOUNG, et al., Respondent.

No. 65513.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 14, 1995.

Joe D. Jacobson, Martin M. Green, Clayton, for appellant.

Jeffrey Titus Demerath, St. Louis, Albert Zuard Renkey, Washington, DC, for respondent.

CARL R. GAERTNER, Judge.

Plaintiffs appeal from the entry of summary judgment in favor of defendants. We reverse and remand because of the procedural insufficiency of the motion and its supporting documentation.

In April of 1990, Bank Building and Equipment Corporation of America (Bank Building) filed for bankruptcy with the United States Bankruptcy Court for the Eastern District of Missouri. The plaintiffs, Richard Miller et al., are representatives of the Plan Committee for the bankrupt estate. The plaintiffs were appointed by Bank Building's creditors and authorized by the court to prosecute all causes of action which belonged to Bank Building at the time it filed for bankruptcy. The plaintiffs brought this action against Ernst & Young in the Circuit Court of the County of St. Louis. Their petition also named as defendants three former employees of Bank Building: Carl Weis,

former chief executive officer at Bank Building; Myron Carpenter, former chief financial officer at Bank Building; and Doug Clements, former president and general manager of Bank Building's wholly owned subsidiary, the Loughman Cabinet Company (Loughman).

■ Plaintiff's amended petition sets forth a pattern of conduct over a period of years which it is alleged resulted in Bank Building's bankruptcy. The allegations of the petition detail the scheme in which Clements and the management of Loughman falsified records of its operations over a period of time so as to present an appearance of profit which in fact never existed. It is further alleged that Loughman had become the principal source of profit for Bank Building and that when the falsification of records was discovered, Bank Building was unable to obtain adequate financing for continued operations. The amended petition sought actual and punitive damages against Clements for breach of his fiduciary duty as president of Loughman. In Count II, plaintiff sought actual damages against Weis and Carpenter for negligence in failing to supervise Clements activities, in failing to observe the fraudulent conduct of Clements and in failing to remedy the situation after it was finally discovered.[1] In Count III, plaintiffs sought actual damages from defendants Ernst & Young which, together with its predecessors, had served as Bank Building's outside auditors for twenty years. Plaintiffs sought recovery based upon Ernst & Young's negligence in failing to properly audit Loughman's records and in failing to discover the falsified records.

Ernst & Young filed a motion to dismiss for failure to state a claim or, alternatively, a motion for summary judgment. The latter was supported only by a report made by a bankruptcy examiner. The trial court sustained the motion for summary judgment and, finding no just reason for delay, designated its order as final for purposes of appeal pursuant to Rule 74.01(b).

At the time of the submission and ruling upon Ernst & Young's motion for summary judgment, proceedings were governed by Supreme Court Rule 74.04. Subsection (c) required that "[t]he motion shall state with particularity the grounds therefor...."[2] Subsection (e) provides: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ The motion for summary judgment filed by Ernst & Young in this case consists of a twelve page narration and a ten page argument. It points out the allegations of the amended petition which demonstrate that plaintiffs are not entitled to relief. However, it totally fails to comply with the Rule 74.04 requirements for a summary judgment motion. Interspersed throughout the motion are references to the bankruptcy examiner's report, the only document filed in support of the motion. This one hundred twenty-five page report is not an affidavit. It is not made on personal knowledge, but is unadulterated hearsay, two or three times removed. It does not set forth facts admissible in evidence, but is filled with conclusions, opinions and surmise. The motion itself, rather than a particularized statement, is a rambling nar-

---

1. We do not address the issue created by the intermixture of allegations that the damage to the corporation for which plaintiffs seek recovery was caused by a combination of the negligence of the corporate officers and the other defendants. In this case involving only economic damages, contributory negligence remains an absolute defense. *Chicago Title Insurance Company v. Mertens*, 878 S.W.2d 899, 902 (Mo.App.1994). Although Ernst & Young's motion sought dismissal of the amended petition for failure to state a claim, that motion was not ruled upon by the trial court, nor was that issue briefed by the parties.

2. Rule 74.04(c) was amended effective January 1, 1994, and the particularity mandate was enhanced by the additional requirement that "[m]otions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts."

rative filled with conclusions concerning such irrelevant matters as an argument concerning plaintiff's motivation for suing Ernst & Young. In short, the motion and its supporting documentation falls far short of compliance with the requirements of Rule 74.04.

Plaintiffs' first point on appeal attacks the procedural defects of the motion. However, at oral argument, counsel for plaintiffs stated he wished to abandon that point and have this court decide the substantive issues of the case in the interest of both parties and for reasons of judicial economy.

 The purpose underlying the requirements of Rule 74.04 is threefold: to apprise the opposing party, the trial court and the appellate court of the specific basis for the movant's claim of entitlement to summary judgment. *Johns v. Continental Western Insurance Company,* 802 S.W.2d 196, 197 (Mo.App.1991), quoting from *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 915 (Mo.App.1991). It is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion. *McCarthy v. Community Fire Protection District,* 876 S.W.2d 700, 703 (Mo.App.1994). Because the purpose underlying the requirements of the Rule is directed toward benefiting trial and appellate courts to expedite the disposition of cases, noncompliance with these requirements is not a matter subject to waiver by a party. To hold otherwise would place the court in the position of performing the work of an advocate. "This court should not encourage noncompliance with that requirement [of Rule 74.04] by performing a function properly that of counsel." *Johns,* 802 S.W.2d at 199.

Accordingly, we reverse the order of summary judgment and remand this case to the trial court without prejudice to the resubmission of the motion in the form required by Rule 74.04(c) and supported by request for admissions, affidavits made on personal knowledge setting forth facts admissible in evidence or otherwise as set forth in Rule 74.04(e).

GRIMM, C.J., and CRANE, J., concur.