James P. MORRISSEY,
Plaintiff/Appellant,

v.

FLORISSANT VALLEY FIRE PROTEC-
TION DISTRICT OF ST. LOUIS COUN-
TY, a municipal corporation, Jack C.
Dunn, individually and in his official
capacity as a member of the Pension
Board of the FVFPD, Al A. Hauswirth,
individually and in his capacity as a
member of the Pension Board of the
FVFPD, and Shannon P. Duffy, individ-
ually and in his official capacity as a
member of the Pension Board of the
FVFPD, Defendants/Respondents.

No. 68307.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 23, 1996.

Stephen J. Nangle, Nangle & Nangle, St. Louis, for appellant.

John H. Goffstein, Bartley, Goffstein, Bollato & Lange, St. Louis, for respondents.

CRANE, Chief Judge.

Plaintiff, a retired employee of defendant fire protection district, appeals the trial court's entry of summary judgment in defendants' favor on plaintiff's petition for declaratory judgment. Plaintiff requested the court declare that he was eligible under defendant fire district's pension plan to be credited for service during a fifteen year employment break if he made employee contributions for the period of absence. We reverse and remand because the motion is defective.

The following facts were alleged and admitted: Plaintiff James P. Morrissey was initially employed as a fire fighter with defendant Florissant Valley Fire Protection District of St. Louis County (FVFPD) between October 1, 1959 and July 25, 1965. Plaintiff resigned in 1965 to seek employment in the private sector. In February, 1970, after plaintiff resigned, FVFPD established a pension plan governed by a Pension Board made up of the individual defendants. FVFPD entered into a Group Annuity Contract with Travelers Insurance Company to administer the pension plan effective February 1, 1970. On November 1, 1977, plaintiff became re-employed with FVFPD as a fire fighter. Effective February 1, 1988, the

Pension Board adopted an amendment allowing a participant to have credited service under certain circumstances for breaks in employment. Plaintiff retired from FVFPD in June, 1994. At the time of his retirement plaintiff formally requested that the Pension Board allow him to pay an amount to bridge his employment break and receive additional pension benefits. The Pension Board denied plaintiff's request.

Plaintiff initially filed an action for declaratory judgment requesting the circuit court to direct the Pension Board to hold a contested hearing on his request for pension credits. Defendants filed a "Motion to Dismiss, to Strike, and for Summary Judgment" on October 11, 1994. This motion sought dismissal of the petition for failure to state a cause of action because plaintiff was not entitled to a contested hearing under Chapter 536 and further requested that the motion to dismiss be treated as a motion for summary judgment. In support of their motion, defendants submitted a memorandum of law with exhibits attached. The memorandum first laid out in narrative form a chronology of events and set out, with references to exhibits, FVFPD's explanation why plaintiff was not entitled to pension service credits for his break in employment. Sandwiched within this explanation was a legal argument, with citations to cases, addressing why plaintiff had an uncontested case. On November 29, 1994, the trial court sustained defendant's motion to dismiss. It gave plaintiff forty days to file an amended petition.

Plaintiff thereafter filed a first amended petition and, subsequently, the second amended petition which is the subject of this appeal. In Count I plaintiff sought a declaratory judgment that he qualified for pension credits under an amendment to the pension plan and related relief. In Count II he requested damages for breach of fiduciary duty. In addition to the facts set out above, plaintiff alleged that another participant was allowed to bridge a break in service and that FVFPD was obligated to treat all participants uniformly. Defendants filed an answer denying that the other participant was similarly situated to plaintiff. Defendants filed a "Motion to Dismiss, to Strike, and for Summary Judgment" on February 23, 1995. With respect to the request for summary judgment, the motion stated:

2. The Defendants seek summary judgment for the other reasons stated in their Memorandum of Law in support of their motion to dismiss plaintiff's first petition and in support thereof, readopt the portions of their original Motion for Summary Judgment previously filed and state that in order for the Plaintiff to prevail, Plaintiff must show that Defendants have abused their discretion in interpreting the pension plan of the Fire District.

3. The Defendants submit that they have interpreted the rules and regulations of the Fire District in a fair and reasonable manner and that there is no provision in the Plan documents to provide for crediting pension service to Plaintiff Morrissey for any period of time when he was not a participant in the pension plan since he was not an employee of the Fire District when the Plan came into existence.

Plaintiff moved for judgment on the pleadings as to Count I, or alternatively, for summary judgment on Count I. The motions were heard on March 30, 1995. On March 31, 1995 the trial court entered its order granting defendant's motion for summary judgment and denying plaintiff's motion.

Three weeks after entry of the summary judgment, defendants filed an affidavit attesting to the truth of the facts set out in their October, 1994 memorandum of law in support of their motion to dismiss and the accuracy of the copies of the exhibits attached thereto. On April 24, 1995 plaintiff filed a copy of a newspaper article about the other participant's receipt of pension benefits. On April 25, 1995 the court entered a "Memorandum Nunc Pro Tunc" pursuant to Rule 74.06(a) which purportedly corrected the judgment to show that defendants' motion for summary judgment as to Count I was granted and their motion to dismiss Count II was sustained as moot. Plaintiff appeals from the trial court's March 31, 1995 entry of summary judgment.

For his first point plaintiff contends that the trial court erred in granting defendants' motion for summary judgment because is-

sues of material fact existed regarding the Pension Board's application of the pension plan. Plaintiff argues that the plan mandates uniform application and that the board failed to uniformly apply it to plaintiff and another participant. In his second point plaintiff contends that the trial court erred in sustaining defendants' motion for summary judgment because the pension board had the authority to redefine the plan terms so as to include plaintiff's previous employment.

We do not reach the merits of this appeal. Rule 74.04 governs defendants' motion. Rule 74.04(c) requires that a motion for summary judgment "shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." It further provides that "[e]ach motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion."

■ The plain purpose of the particularity requirement of Rule 74.04(c) is to apprise the opposing party, the trial court, and in turn the appellate court of the specific basis on which the movant claims he is entitled to summary judgment. *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App.1994). When the issues are defined, the opposing party may prepare his defense to the motion and the trial court may make an informed ruling. *Id.* Further, if the motion is sustained and the opposing party appeals, the issues are clear cut and the appellate court need not speculate about the grounds on which summary judgment was granted. *Id.* A motion which fails to meet the specificity requirement of Rule 74.04(c) is defective. *Id.*

■ In this case, defendants' motion for summary judgment is defective because 1) it does not state any material fact as to which they claim there is no genuine issue, 2) it does not make any specific reference to the pleadings, discovery, or affidavits that demonstrate the lack of a genuine issue as to such facts, 3) it does not have attached thereto a separate legal memorandum explaining

why summary judgment should be granted, and 4) the only affidavit filed in support of the motion was filed three weeks after entry of summary judgment.

In their motion defendants said they sought summary judgment "for the other reasons stated in their Memorandum of Law in support of their motion to dismiss plaintiff's first petition. . . ." The motion is not saved by reference to the prior memorandum or by their incorporation of that memorandum and their prior motion to dismiss. Neither the prior memorandum nor the prior motion to dismiss constituted a properly drafted motion for summary judgment. *See Moss*, 883 S.W.2d at 569; *Finley v. St. John's Mercy Medical Ctr.*, 903 S.W.2d 670, 672 (Mo.App.1995). Neither of these pleadings makes any claim regarding which facts defendants contend are undisputed.

Further, the prior memorandum is not a sufficient legal memorandum in support of the summary judgment motion. The memorandum was drafted and filed in support of a motion directed to the issue of whether the administrative procedure was a contested hearing, the only issue raised by the original petition. Although parts of the memorandum address defendants' interpretation of the pension documents and position that another participant was not similarly situated, these sections are not supported by legal authority. Further, the memorandum does not explain why, as a matter of law, summary judgment should be granted with respect to the issues raised in the second amended petition.

Defendants refer in their brief to facts contained and exhibits referred to in the affidavit that was filed after entry of summary judgment. This affidavit is not only untimely but is insufficient because it merely attests to the truth of "facts" contained in the October, 1994 memorandum. No "facts" are identified as such in that memorandum, leaving the reader to discern from a thirteen page memorandum what is fact and what is opinion.

■ Plaintiff did not object to the form of the motion; however, a party may not waive noncompliance with Rule 74.04. *Miller v.*

*Ernst & Young,* 892 S.W.2d 387, 389 (Mo. App.1995). This is not a case where the issues and documents in support of those issues are otherwise clear. Plaintiff claims material facts are in dispute. These facts were alleged and denied in the pleadings. The summary judgment motion never set out what facts were claimed to be undisputed. If a proper motion had been filed, plaintiff would have been required to admit or deny defendants' factual statements, set out additional facts he claimed were in dispute, and support those facts. *See* Rule 74.04(c)(2). The adjudication and resolution of these issues in the trial court would have then created a record this court could review to determine if a factual issue existed and if it was material.

We emphasize and restate *Miller:*

It is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion. Because the purpose underlying the requirements of the Rule is directed toward benefiting trial and appellate courts to expedite the disposition of cases, noncompliance with these requirements is not a matter subject to waiver by a party. To hold otherwise would place the court in the position of performing the work of an advocate. "This court should not encourage noncompliance with that requirement [of Rule 74.04] by performing a function properly that of counsel."

892 S.W.2d at 389 (citations omitted).

Accordingly, we reverse the order of summary judgment and remand this case to the trial court without prejudice for the resubmission of a properly supported motion in the form required by Rule 74.04(c).

SIMON, J., and CHARLES B. BLACKMAR, Senior Judge, concur.