**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Ester and Sam PETTIGREW, Defendants,**

and

**Donald and Ruth Gardner, Appellants.**

No. WD 50610.

Missouri Court of Appeals, Western District.

March 5, 1996.

Andrew J. Gelbach, Warrensburg, for appellants.

Jane Ann Landrum and Robert K. Ball II, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and FENNER, C.J., and SMART, J.

BRECKENRIDGE, Presiding Judge.

Donald and Ruth Gardner appeal the trial court's order entering summary judgment in

favor of the plaintiff, American Family Mutual Insurance Company. The Gardners present two points on appeal, challenging the sufficiency of the motion for summary judgment and the trial court's decision to limit discovery until ruling on the summary judgment motion. The trial court's order is reversed and the case is remanded for further proceedings.

The Gardners' first point alleges the trial court erred in ruling on the motion for summary judgment because it failed to comply with the particularity requirements of Rule 74.04(c)(1). That rule reads:

> Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion.

■ The purpose of the rule is to apprise opposing counsel, the trial court and the appellate court of the specific basis on which the movant alleges he is entitled to summary judgment. *Finley v. St. John's Mercy Medical Center,* 903 S.W.2d 670, 672 (Mo.App. 1995). The rule is designed to assist trial courts and appellate courts "to expedite the disposition of cases." *Miller v. Ernst & Young,* 892 S.W.2d 387, 389 (Mo.App.1995). A motion which fails to comply with the particularity requirements of the rule is defective. *Moss v. City of St. Louis,* 883 S.W.2d 568, 569 (Mo.App.1994).

American Family's motion for summary judgment, filed January 10, 1994, reads:

> COMES NOW Plaintiff, American Family Mutual Insurance Company, pursuant to Missouri Supreme Court Rule 74.04 and moves the Court for its Order entering summary judgment in favor of this Plaintiff, American Family Mutual Insurance Company, and against Defendants. In support of its motion, Plaintiff submits the attached Suggestions in Support of its Motion with exhibits and further states that there are no material issues of fact in dispute. Plaintiff respectfully requests that the Court review the attachments, including the applicable exclusion referred to in Plaintiff's Suggestions and enter judgment as a matter of law in favor of the Plaintiff, declaring that Ester Pettigrew was acting within the scope and course of employment by Donald and Ruth Gardner d/b/a Gardner's Drive–Inn when she sustained her injuries and damages.

■ The motion clearly fails to adhere to the standard set out by Rule 74.04(c)(1). It states that "there are no material issues of fact" without setting out what facts are undisputed. The motion also fails to specifically refer to supporting documentation "that demonstrate[s] the lack of a genuine issue as to such facts." Rule 74.04(c)(1). Finally, the motion fails to identify the exact basis for summary judgment. To rule on a motion which falls far short of meeting the standards of Rule 74.04(c)(1) would encourage noncompliance with the rule's particularity requirements. *Miller,* 892 S.W.2d at 389.

■ The suggestions in support filed with the motion similarly fail to comply with the requirements of Rule 74.04(c)(1). American Family argues that if the suggestions in support of the motion, are combined with later "supplemental briefs," these documents provide this court with "more specific facts and accompanying documentation which prove American Family has made a prima facie case entitling it to summary judgment." These "supplemental briefs" include American Family's reply to the Gardners' response to its motion for summary judgment, "supporting suggestions" filed eight and ten months later and letters sent to the trial judge. "It is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion." *Id.* This court need not determine what specificity the motion for sum-

mary judgment should have contained; it is the duty of the movant to file a motion which satisfies the requirements of Rule 74.04(c)(1). *Moss,* 883 S.W.2d at 569.

American Family has attempted on appeal to compile together documents filed in the trial court over a period of nearly a year to form a motion for summary judgment which complies with the requirements of Rule 74.04(c)(1). Allowing a movant to compose a motion for summary judgment in this manner would place an unfair burden on the opposing party. Under Rule 74.04(c)(2), the non-movant is required to respond to a motion for summary judgment within 30 days by admitting or denying each of the movant's factual allegations. It is difficult to comprehend how a non-movant could adhere to this rule if the "undisputed facts" supporting the motion for summary judgment are interspersed throughout several documents, none of which comply with Rule 74.04(c)(1). *See Snelling v. Bleckman,* 891 S.W.2d 572, 573 (Mo.App.1995).

■ The Gardners objected to the form of American Family's motion for summary judgment in their response to the motion, specifically alleging that it was "not in accordance with Missouri Supreme Court Rule 74.04." This court exercises its discretion to decline to review American Family's motion for summary judgment, making no determination on the merits of the motion. *Finley,* 903 S.W.2d at 673; *Mathes by and through Mathes v. Nolan,* 904 S.W.2d 353, 355 (Mo. App.1995).

Resolution of the Gardners' first point on appeal makes it unnecessary to review their second point, which challenges the trial court's decision to prevent further discovery until it ruled on the motion for summary judgment.

The order of the trial court entering summary judgment in favor of American Family is reversed and the case is remanded to the trial court for further proceedings.

*All concur.*