**MIDWEST PRECISION CASTING COMPANY, Plaintiff/Respondent,**

v.

**MICRODYNE, INC., Defendant/Appellant.**

No. 72849.

Missouri Court of Appeals, Eastern District, Division Two.

March 17, 1998.

Jack F. Allen, Clayton, for defendant/appellant.

E. Darrell Davis, Davis & Schroeder, St. Charles, for plaintiff/respondent.

CRANE, Presiding Judge.

Plaintiff, Midwest Precision Casting Co. (Midwest), a producer of stainless steel castings, filed an action against defendant, Microdyne, Inc. (Microdyne), to recover payment on an account balance. Microdyne counterclaimed for damages in the amount of $61,027.00, contending that Midwest's improper handling of Microdyne's order caused Microdyne's contract with the Government to be canceled. The trial court granted Midwest's motion for summary judgment on the grounds that Microdyne's counterclaim was barred by the four year statute of limitations on actions for breach of contract for sale under Section 400.2–725 RSMo (1994). We reverse and remand on the ground that Mid-

west's summary judgment motion did not comply with Rule 74.04(c) in that it failed to properly set out facts showing that it was entitled to judgment on the limitations issue as a matter of law. In addition its affidavit failed to comply with Rule 74.04(e) in that it was not made on personal knowledge.

In its amended counterclaim Microdyne alleged that in 1989 Midwest entered into a contract with Microdyne pursuant to which Midwest was to manufacture and ship to Microdyne a minimum of 1,000 sets of stainless steel castings required in connection with a contract Microdyne had with the United States government. A set consists of two pieces. On February 19, 1990, Midwest shipped 1,010 pieces instead of 1,000 sets. As a result of Midwest's failure to ship all the castings, Microdyne alleged it lost its contract with the federal government sometime in September, 1990 and claimed damages in the amount of $61,027.00. Microdyne further alleged that a mutual, open, and current account existed between plaintiff and defendant through June 27, 1994, that Midwest furnished items and materials to Microdyne through June, 1993, and that the account included Midwest's claim for payment, Microdyne's damage claim, Microdyne's payments, and the items and materials furnished to Microdyne by Midwest. The allegation concluded that the counterclaim was not time barred under Sections 516.160 and 400.2–725(4) RSMo (1994).

Midwest moved for summary judgment on the grounds that the counterclaim was barred by the four year statute of limitations for breach of contracts for sale contained in Section 400.2–725 RSMo (1994). James I. Reid, an owner and employee of Midwest, submitted an affidavit in support of the motion, in which he attested that since early to mid 1990 Midwest had not performed any work on the 1990 casting order for Microdyne and that the castings Midwest produced after that time were made pursuant to a different contract entered in 1992.

Microdyne challenged Midwest's motion for summary judgment on the grounds that it did not comply with Rule 74.04(c) and (e). Microdyne further contended that because a mutual, open, and current account existed between the parties, under Section 516.160 RSMo (1994) the statute of limitations did not begin to run until May 29, 1993, the date Midwest filled Microdyne's last order. The trial court granted the motion, from which judgment Microdyne appeals.[1]

For its first point Microdyne claims that the trial court erred in granting Midwest's motion for summary judgment because the motion failed to comply with Rule 74.04(c)(1) and the affidavit failed to comply with Rule 74.04(e). We agree and dispose of the appeal on this issue.

Rule 74.04(c)(1) requires that a motion for summary judgment "shall state with particularity in separate numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." The plain purpose of the particularity requirement of this rule is to apprise the opposing party, the trial court, and, in turn, the appellate court of the specific basis on which the movant claims it is entitled to summary judgment. *Morrissey v. FVFPD*, 914 S.W.2d 70, 72 (Mo.App. 1996). When the issues are so defined, the opposing party can then prepare a proper response to the motion and the trial court can make an informed ruling. *Id.* In addition, if the motion is sustained, and the opposing party appeals, the issues become clear cut and the appellate court is not asked to speculate about the grounds on which summary judgment was granted. *Id.* A motion which fails to meet the specificity requirement of Rule 74.04(c) is defective. *Id.* See also *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App.1994); *Snelling v. Bleckman*, 891 S.W.2d 572, 574 (Mo.App.1995). The grant of summary judgment on the basis of a defective motion furnishes ample grounds for reversal. See *Morrissey*, 914 S.W.2d at 73; *Snelling*, 891 S.W.2d at 574; *Koman v. Kroenke*, 913 S.W.2d 108, 110–111

---

1. Midwest dismissed its petition to recover payment on an account balance. Thus, the judgment is final for purposes of appeal.

(Mo.App.1995); *Finley v. St. John's Mercy Medical Center*, 903 S.W.2d 670, 672–73 (Mo. App.1995); *United Bank of Union v. Hartford Fire Insurance Company*, 891 S.W.2d 575 (Mo.App.1995).

Midwest's motion for summary judgment reads as follows:

Comes now the Plaintiff and hereby moves for summary judgment against Defendant as to its Amended Counterclaim (hereinafter "Counterclaim") pursuant to Rule 74.04.

1) The Counterclaim alleges in paragraph 3 that Plaintiff shipped to Defendant only 1,010 pieces of a 2,000 piece order on February 19, 1990.

2) The Counterclaim alleges in paragraph 4 that based on the failure of Plaintiff to ship all these castings defendant lost its contract with the U.S. Government sometime in September, 1990. Defendant' s knowledge of the alleged breach and damages for the breach were set at least at the end of September, 1990.

3) The Counterclaim alleges a mutual open and current account between the parties. As established by the attached affidavit of James I. Reid no such a continuous account existed in that Defendant at separate times ordered different parts to be cast by Plaintiff with gaps of time between the orders. Such gaps destroy any claim of an open, continuous account.

4) Section 400.2–725 specifies a four year limitation on actions such as raised in the counterclaim. Such an action would have had to be filed on or before October 1, 1994. This counterclaim at best reverts back to September 29, 1995, the day Plaintiff filed the action in St. Charles County.

█ This motion seeks summary judgment on the grounds that the counterclaim action was for breach of a contract of sale and not an action brought to recover a balance due on an open, continuous account, and therefore the four year statute of limitations found in Section 400.2–725 bars the counterclaim. To support this contention Midwest was required in its motion to state in separately numbered paragraphs each material undisputed fact which supports these grounds. It does not do so. It fails to specifically allege facts showing the contract of sale which was alleged to have been breached, which would be necessary to show that Section 400.2–725 applies. In refuting the claim of a mutual, open, and current account, it refers to an attached affidavit. Reference to and incorporation of extrinsic materials is insufficient to incorporate those facts in the motion. The motion itself must set out the necessary facts; it cannot incorporate them by reference to an affidavit or memorandum. *Morrissey*, 914 S.W.2d at 72. While the motion does set out an allegation that no continuous account existed because there were "gaps of time between orders," this statement is too imprecise to allow an opposing party to admit or deny its truth. Furthermore, the statement is not sufficient, standing alone, to support a legal conclusion that the transaction was not an open account. As in *United Bank of Union*, 891 S.W.2d at 577, the motion for summary judgment is devoid of material facts showing Midwest's entitlement to judgment as a matter of law.

█ Apart from the defectiveness of the motion, the affidavit in support thereof fails to comply with Rule 74.04(e). Rule 74.04(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Midwest filed the following affidavit:

Comes Now James I. Reid, and after having been duly sworn states that:

1) During the period from 1988, through the present, he has been an owner of and employed by Plaintiff.

2) That during 1989, and early 1990, Plaintiff produced for and delivered to Defendant certain castings which Defendant complains of in its Amended Counterclaim.

3) That since early to mid 1990, Plaintiff has not produced any castings on that order for Defendant.

4) That in 1992, Defendant requested Plaintiff to quote on a different set of castings which Plaintiff did. Defendant accepted the quote, and Plaintiff produced

the castings. These castings were not associated with the previous castings produced by Plaintiff in 1989 and 1990 for Defendant.

The affidavit fails to state that Reid had personal knowledge of Microdyne's orders or handled them. The averment that during the period from 1988, through the present, he has been an owner and employee of plaintiff is insufficient to satisfy the requirement that the affidavit be made on personal knowledge. *Allen v. St. Luke's Hospital of Kansas City*, 532 S.W.2d 505, 507 (Mo.App.1975). In the absence of an allegation of personal knowledge, the contents of the affidavit become inadmissible hearsay. Hearsay statements contained in an affidavit are not facts admissible in evidence and should not be considered by a trial court. *Fitzpatrick v. Hoehn*, 746 S.W.2d 652, 654 (Mo.App.1988); *Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993).

Further, the affidavit suffers from the same shortcomings as the motion itself in that neither contains specific facts from which the trial court could decide the limitations issue.

Midwest's failure to comply with Rule 74.04(c) and (e) requires reversal of the summary judgment. We do not reach the merits of the limitations issue which is raised in point two of this appeal.

The trial court's judgment granting Midwest's motion for summary judgment is reversed and the case is remanded.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.