Esther JACKSON, et al., Plaintiffs–Appellants,

v.

James JACKSON, et al., Defendants–Respondents.

No. 22593.

Missouri Court of Appeals,
Southern District,
Division Two.

April 15, 1999.

Jeffrey L. Dull, Baker & Dull, Osceola, for appellant.

Claire E. Noland–Vance, Noland and Associates, P.C., Camdenton, for respondent.

KERRY L. MONTGOMERY, Judge.

Plaintiffs filed an action against Defendants seeking to enforce an alleged trust created by Plaintiffs' parents. Defendants, James Jackson and Amos Henry Jackson, Plaintiffs' brothers, filed separate but identical motions for summary judgment which the trial court sustained. Plaintiffs appeal.

 We are unable to reach the issue of whether the trial court appropriately ruled the motions for summary judgment. In-

stead, we reverse because Defendants' summary judgment motions do not comply with Rule 74.04(c)(1).[1] *See Snelling v. Bleckman,* 891 S.W.2d 572, 573 (Mo.App.1995). "The grant of summary judgment on the basis of a defective motion furnishes ample grounds for reversal." *Midwest Precision Casting v. Microdyne,* 965 S.W.2d 393, 394 (Mo.App.1998).

Rule 74.04(c)(1) requires that a movant "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted...." The purpose underlying the requirements of Rule 74.04 is to "apprise the opposing party, the trial court, and in turn the appellate court of the specific basis on which the movant claims [entitlement] to summary judgment." *Moss v. City of St. Louis,* 883 S.W.2d 568, 569 (Mo.App. 1994).

In the instant case, Defendants' two-page motions, unsupported by affidavits, consist of five paragraphs. The first three paragraphs contain virtually no facts (as opposed to conclusions) relating to the controversy. In addition, Defendants fail to state with particularity any material facts as to which they claim there is no genuine issue. Equally egregious is the failure of Defendants' motions to make any references to the pleadings, discovery, or affidavits that demonstrate the lack of a genuine issue of fact.

The two remaining paragraphs of Defendants' motions set forth only general statements of trust law from two cases. The motions do not have attached, as required by Rule 74.04(c)(1), a separate legal memorandum explaining why summary judgment should be granted.

A summary judgment motion which fails to comply with the particularity requirements of the rule, such as here, is defective. *American Family Mut. Ins. Co. v. Pettigrew,* 916 S.W.2d 893, 894 (Mo.App.1996). A summary judgment motion which "fails to set forth each material fact in separately numbered paragraphs and fails to specifically reference supporting documentation" is defective. *Koman v. Kroenke,* 913 S.W.2d 108, 110 (Mo.App.1995).

Defendants' failure to comply with the particularity requirements of the rule and failure to give specific references to supporting documentation impedes proper appellate review. "It is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the [summary judgment] motion." *Miller v. Ernst & Young,* 892 S.W.2d 387, 389 (Mo.App.1995). "Because the purpose underlying the requirements of [Rule 74.04] is directed toward benefiting trial and appellate courts to expedite the disposition of cases, non-compliance with these requirements is not a matter subject to waiver by a party." *Id.*

Accordingly, we reverse the order of summary judgment and remand this case to the trial court without prejudice to the resubmission of the motions in the form required by Rule 74.04(c).

GARRISON, C.J., and BARNEY, J., concur.

---

1. Rule references are to Missouri Court Rules (1998).