**KITSMILLER CONSTRUCTION CO. INC., Plaintiff–Appellant,**

v.

**WYNN CONSTRUCTION, INC., Defendant–Respondent.**

No. 25634.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 2004.

Steven E. Marsh and Christi D. Sewell, Hulston, Jones & Marsh, Springfield, for appellant.

Stephen H. Snead and Warford B. Johnson III, Wallace, Saunders, Austin, Brown & Enocks, Chartered, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Kitsmiller Construction Co., Inc. ("Kitsmiller") sued Wynn Construction, Inc. ("Wynn") for damages stemming from their relationship during the construction of the Grand Palace Theatre ("Theatre") in Branson, Missouri. Kitsmiller claims that the trial court committed reversible error by entering summary judgment when the motion failed to comply with Rule 74.04(c)(1).[1] We agree and reverse the grant of summary judgment.

Kitsmiller and Wynn contracted with Silver Dollar City ("SDC") in connection with the construction of the Theatre. SDC hired Wynn to act as the construction manager while Kitsmiller was contracted to perform concrete work on the facility. Kitsmiller, according to its agreement with SDC, was to perform its work under the supervision and direction of Wynn.

Kitsmiller brought suit against SDC to settle a dispute related to the construction of the Theatre and the parties eventually resolved their differences through arbitration. Kitsmiller then brought suit against Wynn in four counts: 1) failure to use due care in performing contract obligations, 2) intentional and unjustified interference with the relationship between Kitsmiller and its employees in promising employees of Kitsmiller cash bonuses for accelerated work which were not paid by Kitsmiller, 3) intentional and improper interference with the contractual relationship between Kitsmiller and SDC, and 4) breach of promises to Kitsmiller. Wynn filed a Motion for Summary Judgment claiming that the arbitration hearing established the affirmative defense of *res judicata*. Kitsmiller responded to the motion by denying that *res judicata* applied and alleging that Wynn's motion failed to comply with Rule 74.04(c)(1). The trial court entered summary judgment for Wynn and this appeal followed.

■ Although Kitsmiller raises three points on appeal, the second point, that Wynn's motion for summary judgment fails to comply with Rule 74.04(c)(1), is dispositive. Rule 74.04(c)(1) provides that a motion for summary judgment "shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." The purpose of this particularity rule is to provide notice to the opposing party and the court as to the specific basis on which the movant claims it is entitled to summary judgment. *Midwest Precision Casting Co. v. Microdyne,*

---

1. References to Rules are to Missouri Court Rules (2003) unless otherwise indicated.

*Inc.*, 965 S.W.2d 393, 394 (Mo.App. E.D. 1998). When the issues are clearly defined in a motion for summary judgment, a trial court can make an informed ruling and the appellate court is not asked to speculate as to the grounds on which summary judgment was granted. *Id.*

Wynn's motion for summary judgment is three pages long and contains eleven numbered paragraphs. In pertinent part, it reads:

4. The contract between Plaintiff and SDC (**Exhibit1**) contained provisions requiring mandatory arbitration as set forth in paragraph 10.8 of said contract. There has been litigation between Plaintiff and SDC as to the enforceability of that provision, with the eventual result being that an arbitration took place between Plaintiff and Defendant on March 9, 10, 11, and 12, 1998.

5. In that proceeding both parties recovered money damages against the other (see **Exhibit4**).

6. The Defendant has carefully reviewed and indexed the transcript of those proceedings (see **Exhibits 5, 6, 7, and 8**).

7. That each and every act of this Defendant, complained of and alleged in Plaintiff's Petition, and all of the damages allegedly resulting therefrom, were litigated in the arbitration proceedings as verified by **Exhibits 5, 6, 7, and 8.**

8. The index to **Exhibits 5, 6, 7 and 8** is attached hereto and marked **Exhibit 9.**

■ Exhibit 9 purports to be an index of the transcript; however, it contains sixty fragments of fact and/or conclusions of law which are supposedly supported by citations to the arbitration transcript. It appears the citations to the transcript are intended to prove that the facts and/or conclusions of law have already been liti-

gated and, thus, that the doctrine of *res judicata* applies. We cannot discern a method to the order of Exhibit 9, nor are the elements of the defense of *res judicata* readily apparent. We are given no guidance to understand Exhibit 9. As an example, we note one confusing entry which appears to directly address one of Kitsmiller's claims regarding tortious interference with contract; however, the exhibit does not provide any citations to the arbitration transcript that allegedly prove that the tortious interference claim was decided during arbitration. We are left to wonder if there is any response to the allegation of tortious interference with a contract or business expectancy. If so, summary judgment certainly could not have been proper on Count III of the Petition.

■ In another entry in Exhibit 9, Wynn provides fifty-two citations to the transcript in support of some factual issues, but did not grace us with the transcript of the arbitration hearing; thus, we have no way of ascertaining whether or how the transcript cites relate to the sentence fragments. Wynn is required to state facts with particularity in separately numbered paragraphs to show that there is no dispute of fact. Instead Wynn shifted that responsibility and requests the court to trust its own "index" to sustain its summary judgment motion. This, we cannot do. "Reference to and incorporation of extrinsic materials is insufficient to incorporate those facts in the motion. The motion itself must set out the necessary facts; it cannot incorporate them by reference to an affidavit or memorandum." *Midwest Precision*, 965 S.W.2d at 395. Wynn has not only failed to incorporate an affidavit or memorandum, it has wholly failed to provide any support for its motion other than its own "index." The motion broadly states that everything alleged in the petition was litigated during the arbitration and supports this conclusion with a blanket reference to arbitration transcripts

marked as Exhibits 5, 6, 7, 8, and 9, the purported index to the arbitration transcripts.

 Wynn's motion for summary judgment is devoid of material facts showing Wynn's entitlement to judgment as a matter of law. A motion for summary judgment that fails to set forth each material fact in separately numbered paragraphs and that does not specifically reference supporting documents is defective. *Jackson v. Jackson*, 988 S.W.2d 669, 670 (Mo.App. S.D.1999). The grant of summary judgment on a defective motion provides ample grounds for reversal. *Id.; see also Midwest Precision*, 965 S.W.2d at 394.

Wynn's failure to comply with Rule 74.04(c)(1) requires reversal of the summary judgment. The case is remanded to the trial court for further proceedings.

PARRISH, J., and BATES, J., concur.

