SAFECO INSURANCE COMPANY OF
AMERICA, INC., Plaintiff–
Respondent,

v.

Thomas M. WOOD, Respondent–
Appellant.

No. 72660.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1997.

Jerome F. Raskas, Peter H. Love, Goffstein, Raskas, Pomerantz, Kraus, Sherman, Ruthmeyer & Susman, L.L.C., St. Louis, for respondent–appellant.

Westling & James, William F. James, St. Louis, for plaintiff–respondent.

HOFF, Judge.

Thomas M. Wood (Wood) appeals the grant of summary judgment in favor of Safeco Insurance Company of America, Inc. (Safeco) after it sought declaratory judgment of its obligations and responsibilities under Wood's homeowner's insurance policy. We reverse and remand.

Michael Preiss (Husband) and Diane Preiss (Wife) were married in 1973 and divorced in 1994. Thereafter, Husband filed suit against Wood for alienation of affection. In his petition, Husband alleged that Wood alienated Wife's affections causing Husband to lose her affections and lose consortium. Husband alleged that Wood's "wrongful and seductive conduct" occurred at an unspecified time between 1973 and 1994. Wood sought legal defense of the lawsuit and indemnification for any possible liability from Safeco, his insurer under a homeowner's insurance policy.

In its declaratory judgment action, Safeco filed a motion for summary judgment contending there was no genuine issue of material fact and that it had no legal obligation to defend or indemnify Wood. Attached to Safeco's motion for summary judgment, and in support of the motion, was Husband's peti-

tion in the underlying suit against Wood and Wood's Safeco homeowner's insurance policy for the period from September 21, 1993 to September 21, 1994 (the 1993–1994 policy).

The trial court did not rule on Safeco's motion for summary judgment until after Safeco had responded to Wood's first set of interrogatories and request for production of documents. Safeco did not file an amended motion for summary judgment referring the trial court to any newly produced documents in support of its motion.

On October 30, 1996, the trial court entered summary judgment in favor of Safeco declaring that Safeco had no responsibility to Wood in the underlying suit. Wood's appeal followed.

■ In his first point, Wood contends the trial court erred in granting summary judgment because Safeco did not establish an absence of genuine issues of material fact regarding when Husband's loss occurred, what policy controls, and what policy language applies to Husband's claims. We agree and find this point dispositive.

Our review of summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). *Id.* Whether to grant summary judgment is purely an issue of law. *Id.* We need not defer to the trial court's order granting summary judgment, but must review the record submitted to the trial court to make our own determination. *Id.* In applying these principles, we review the record in the light most favorable to the party against whom judgment was entered. *Id.*

Summary judgment is designed to permit the trial court to enter judgment, without delay, when the moving party has demonstrated there is no genuine dispute as to facts that establish a right to judgment as a matter of law. *Id.* In a properly pleaded summary judgment motion, the movant must state with particularity the grounds for the motion. *Id.* at 380. This requires specific references to supporting portions of "pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1). Once determined that the

facts are undisputed, those facts must establish and comprise all elements of the theory under which recovery is requested. In other words, they must establish that the movant is entitled to judgment as a matter of law. *ITT,* 854 S.W.2d at 376.

■ An insurer's duty to defend is determined from the provisions of the policy and the allegations of the petition alleging liability of the insured. *Steve Spicer Motors, Inc. v. Federated Mut. Ins. Co.*, 758 S.W.2d 191, 193 (Mo.App. S.D.1988). When an insurance company seeks to escape coverage based on policy exclusions, the burden is on it to establish the applicability of the exclusion. *M.A.B. v. Nicely*, 911 S.W.2d 313, 315 (Mo.App. W.D.1995).

■ The applicability of any exclusion and the lack of general coverage under the policies has not been shown by Safeco. Rule 74.04(c) provides:

1  *Motions for Summary Judgment.* Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, *with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts.*

(Emphasis added).

This Court recently interpreted the mandates of Rule 74.04 in *Miller v. Ernst & Young*, 892 S.W.2d 387 (Mo.App. E.D.1995). In *Miller,* we stated:

The purpose underlying the requirements of Rule 74.04 is threefold: to apprise the opposing party, the trial court and the appellate court of the specific basis for the movant's claim of entitlement to summary judgment. It is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion. Because the purpose underlying the requirements of the Rule is directed toward benefiting the trial and appellate courts to expedite the disposition of cases, noncompliance with these requirements is not a

matter subject to waiver by a party. To hold otherwise would place the court in the position of performing the work of an advocate. This court should not encourage noncompliance with that requirement of Rule 74.04 by performing a function properly that of counsel.

*Id.* at 389 (citations omitted).

Based on the record before the trial court and this Court, Safeco has not shown an absence of genuine material fact, nor the right to judgment as a matter of law. Attached to Safeco's motion for summary judgment was Husband's petition against Wood in the underlying cause of action and the 1993–1994 policy. These documents do not give an indication as to Safeco's duty to defend or indemnify Wood for all the incidents that were alleged to have happened from 1974 to 1994. The only time period it addresses is from September 21, 1993 to September 21, 1994.

If Safeco had wanted the new documents produced during discovery to support its motion for summary judgment, it should have filed an amended motion for summary judgment giving specific references to the new discovery documents it was relying on. Because Safeco did not refer the trial court to the additional discovery documents, under Rule 74.04, they cannot be considered. As filed, Safeco has no grounds for summary judgment. Safeco cannot demonstrate that the 1993–1994 policy excluded Wood from coverage against acts which allegedly occurred from 1973 to 1994. Therefore, Safeco has not met its burden to establish the applicability of an exclusion or that the policy did not cover Wood under general coverage provisions for the whole period encompassed by Husband's lawsuit. Accordingly, we reverse the trial court's entry of summary judgment and remand to the trial court for further proceedings on the matter.

We note that even if Safeco had amended its motion and referred the trial court to additional documents produced during discovery, Safeco's motion for summary judgment would still fail. In response to Wood's discovery request, Safeco produced Wood's Safeco homeowner's insurance policies from 1980 to 1996. However, Safeco supplied none of Wood's Safeco homeowner's insurance policies from any time within the 1970's. Husband alleged that his loss occurred sometime between 1973 and 1994. Because neither this Court nor the trial court had any policy from the 1970's before it, Safeco could not demonstrate that these policies excluded Wood from coverage. Safeco would not have met its burden to establish the applicability of an exclusion or that the policies did not cover Wood under general coverage provisions.

Furthermore, an issue as to when Wood became an insured with Safeco remains. Wood asserts he has been covered under a Safeco homeowner's policy from 1973 through 1994. In its petition for declaratory judgment and its reply to Wood's counterclaim, Safeco admitted that Wood was insured from September 14, 1973 to August, 1994. Additionally, in its motion for summary judgment, Safeco admitted that Wood was an insured "at all relevant times referred to in Plaintiff Priess' [sic] aforesaid Petition ..." However, in the documents produced during discovery, a Safeco e-mail document shows that Wood was first insured by Safeco in 1976. This is now Safeco's position on appeal—that Wood's coverage began November 1, 1976 and continued through February 2, 1995. This is an issue the trial court may need to resolve on remand, especially in light of numerous prior admissions by Safeco.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

CRAHAN, P.J., and GRIMM, J., concur.