**Judith A. McDANIEL, Appellant,**

v.

**BLUE CROSS BLUE SHIELD OF
MISSOURI, Respondent.**

**No. 74151.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 6, 1999.

Application to Transfer Denied
June 1, 1999.

GARY M. GAERTNER, Judge

Appellant, Judith A. McDaniel ("plaintiff"), appeals the summary judgment entered by the Circuit Court of the City of St. Louis in favor of respondent, Blue Cross Blue Shield of Missouri ("Blue Cross"), on plaintiff's claim of breach of contract and vexatious refusal to pay benefits under a policy of health insurance. We reverse and remand.

Plaintiff was diagnosed with a disease known as scleroderma in the summer of 1990. Plaintiff had a policy in effect with Blue Cross at that time. On December 2, 1992, in an effort to treat plaintiff's worsening scleroderma, plaintiff's doctors prescribed a treatment known as photophoresis. The doctors' notes indicate they would contact Blue Cross as to whether they would cover the photophoresis therapy, "which is experimental." Blue Cross paid for these treatments from December of 1992 until March of 1993.[1] In March of 1993, Blue Cross denied benefits for any further treatments stating "the care is considered investigational."

In September of 1995, plaintiff filed suit against Blue Cross alleging breach of contract and vexatious refusal to provide benefits for the photophoresis treatments she was continuing to receive. Depositions were taken. In January of 1998, Blue Cross filed a motion for summary judgment, arguing that no genuine issue of material fact existed regarding Blue Cross' Investigational Care affirmative defense. Blue Cross, in support of its motion, attached an affidavit and Employee Health Benefit Certificate which had an effective date of July 1, 1995. The affidavit stated the Certificate was the copy of the Certificate referenced in the answer to plaintiff's interrogatory 15. Said interrogatory stated: [I]dentify any and all sections of plaintiff's policy or other applicable writings upon which defendant relies in denying coverage of the care prescribed.

James C. Brandenburg, James E. Lownsdale, Brandenburg & Lownsdale, St. Louis, for appellant.

Elkin L. Kistner, Schlueter & Byrne, P.C., St. Louis, for respondent.

1. Blue Cross claims they paid for these initial treatments due to a computer problem.

On February 25, 1998, the trial court granted Blue Cross' summary judgment. The trial court based its ruling on the submitted Certificate and the deposition of plaintiff's expert witness, finding photophoresis is investigational for the treatment of scleroderma and therefore Blue Cross' "Investigational Care" exclusion applied. Plaintiff appealed.

■ In plaintiff's first point, subpoint A, she contends the trial court erred in granting summary judgment because Blue Cross based its motion for summary judgment on an "investigational care" exclusion contained in a certificate with an effective date that postdates the relevant events in this lawsuit. Plaintiff argues the certificate would not be admissible at trial and the discrepancy raises an issue of material fact as to which "investigational care" exclusion applies. We agree with plaintiff and find this point dispositive.

Our review of a summary judgment is de novo. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo.banc 1993). We need not defer to the trial court's order, but must review the record submitted to the trial court to make our own determination. *Id.* In doing the foregoing, we "review the record in the light most favorable to the party against whom judgment was entered." *Id.* In a properly plead summary judgment motion, the movant must state with particularity the grounds for the motion. *Id.* at 380. Rule 74.04(c)(1) states this requires specific references to supporting portions of "pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts."

■ An insurer's duty to provide coverage is determined from the provisions of the policy[2] and the allegations of the petition alleging liability of the insured. *Safeco Ins. Co. of America, Inc. v. Wood,* 948 S.W.2d 182, 183 (Mo.App. E.D.1997).

When an insurer seeks to escape coverage based on policy exclusions, the burden is on it to establish the applicability of the exclusion. *Id.*

The case at bar is factually similar to a recent case decided by this court. In *Safeco*, 948 S.W.2d at 182–83, a husband sued his ex-wife's lover ("Wood") for alienation of affection, alleging Wood had alienated ex-wife's affections causing husband to lose her affections and lose consortium. Husband alleged the conduct had occurred at an unspecified time between 1973 and 1994. *Id.* at 182. Wood sought a legal defense from his insurer under a homeowner's insurance policy. *Id.* His insurer, in its declaratory action against Wood, filed a motion for summary judgment contending there was no genuine issue of material fact and that it had no duty to defend or indemnify Wood. The insurer, in support of its motion, attached Wood's insurance policy with the effective dates of September 21, 1993 to September 21, 1994. *Id.* at 182–83. The trial court entered summary judgment in favor of the insurer based on the insurance policy and found insurance company had no responsibility to Wood. *Id.* at 183. This court reversed and remanded, finding that as insurer could not demonstrate that the 1993–94 policy excluded Wood from coverage against acts which allegedly occurred from 1973 to 1994, they had failed to meet their burden of establishing applicability of an exclusion or coverage under the policy and therefore had no grounds for summary judgment. *Id.* at 184.

We find our case analogous. Herein, it is clear from the record that Blue Cross initially provided coverage for plaintiff's treatments in December of 1992 until March of 1993. However, Blue Cross attached the Certificate with the effective date of July 1, 1995. Blue Cross has failed

---

2. In the case at bar, the relevant document is referred to as the "Certificate." As the Certificate is the document which contains the "investigational care" exclusion at issue, it is considered as a policy. *See generally, General American Life Ins. Co. v. Barrett,* 847 S.W.2d 125 (Mo.App.W.D.1993).

to meet their burden of establishing the applicability of an exclusion contained in the 1995 Certificate where coverage was first provided for in 1992 and denied in 1993.

■ Blue Cross argues that plaintiff's treatment and its ongoing denials continued through 1995 and therefore the 1995 Certificate is relevant. The record is unclear as to how long plaintiff received these treatments, so we cannot determine if the 1995 Certificate is relevant. However, it is clear that the Certificates in effect for 1992 and 1993 are relevant and necessary in order for a court to determine whether the exclusions therein support Blue Cross' contention that photophoresis is not a covered treatment for scleroderma. It is critical that the court have the Certificates that Blue Cross used when it first provided coverage to plaintiff in 1992 and on what basis in 1993 it denied that coverage. Blue Cross also argues plaintiff waived any challenge to the 1995 Certificate in that she failed to offer in her response, to Blue Cross' motion for summary judgment, any evidence contradicting its applicability. We believe *Safeco* addresses this argument and demonstrates that Blue Cross had the burden of supplying the applicable Certificates with its summary judgment motion.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HOFF, P.J., and RHODES RUSSELL, J., concur.