Patricia FINLEY, Plaintiff/Respondent,

v.

ST. JOHN'S MERCY MEDICAL CENTER and Sisters of Mercy, Defendants/Appellants.

Patricia FINLEY, Plaintiff/Cross–Appellant,

v.

ST. JOHN'S MERCY MEDICAL CENTER et al., Defendants/cross-Respondents.

Nos. 67028, 67190.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 8, 1995.

David S. Purcell, St. Louis, for Finley.

Patricia M. Mcfall, Shelley Roether, St. Louis, for St. John's.

WHITE, Judge.

Plaintiff, Patricia Finley, brought a breach of contract action against defendants, St. John's Mercy Medical Center and Sisters of Mercy, alleging she was improperly denied long term disability (LTD) benefits pursuant to an insurance plan. Defendants appeal from the entry of summary judgment in favor of plaintiff.

Plaintiff alleged she was injured on September 13, 1988 when a towel dispenser fell and struck her on the head while in St. John's Mercy Medical Center's employ. Plaintiff applied for and was denied LTD benefits under the insurance plan. Thereafter, she filed a breach of contract action against defendants. On May 4, 1993, defendants filed a motion for summary judgment. On June 30, 1993, plaintiff filed a motion for summary judgment. Both motions were denied. On August 22, 1994, the parties consented to resubmission of their motions for summary judgment. The trial court denied defendants' motion. The court granted plaintiff's motion on September 19, 1994. The court calculated damages and awarded plaintiff $19,472.22 plus interest of $2,761.76. Defendants appeal and plaintiff cross-appeals.

On appeal, defendants contend in point one the trial court erred in granting plaintiff's motion for summary judgment because it failed to comply with the requirements of Rule 74.04(c). In points two and three, they argue the trial court erred in granting summary judgment because it improperly considered medical evidence and improperly ruled such medical evidence was not in dispute. In point four, defendants argue if we find the trial court was correct in granting summary judgment, the trial court erred in calculating the amount of benefits. Point one is dispositive. We reverse because of the procedural insufficiency of the motion.

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). On appeal of a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Id.*

■ Rule 74.04(c) was amended in 1993 and became effective January 1, 1994. This rule now requires a movant to "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." The purpose of this rule is to "apprise the opposing party, the trial court, and in turn the appellate court of the specific basis on which the movant claims [entitlement] to summary judgment." *Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App.E.D.1994).

In the case before us, the body of plaintiff's motion for summary judgment stated:

There exists no genuine issue as to any material fact in that Plaintiff has suffered an injury while employed by Defendant that has left her "totally disabled" as provided for in the Sisters of Mercy Health System, St. Louis, Inc. Long Term Disability Payment Plan as defined by the terms of the Plan and by the meaning attached to

the language used therein by long standing Missouri law. Additionally, Plaintiff's condition is caused by Post–Concussive Syndrome due to an accident suffered while in the employ of Defendant and Plaintiff is entitled to the Long Term Disability benefits as provided for in the Plan.

As shown by the depositions and affidavit previously offered by Plaintiff in opposition to Defendant's Motion for Summary Judgment and incorporated herein by reference, Plaintiff is indeed disabled within the meaning of the Plan and entitled to full benefits thereunder. There exists no competent evidence refuting this entitlement.

■ It is apparent this motion fails to comply with new Rule 74.04(c)(1)'s requirements for a summary judgment motion and is, therefore, defective. "The new rule requires that each material fact be set forth in a separately numbered paragraph. Different material facts cannot be lumped together in a single paragraph. Moreover, in each separately numbered paragraph, the movant *must* give *specific* reference to supporting documentation that demonstrates 'the lack of a genuine issue as to such facts.'" *Snelling v. Bleckman*, 891 S.W.2d 572, 573 (Mo.App. E.D.1995) (quoting Rule 74.04(c)(1)). The motion fails to set forth each material fact in separately numbered paragraphs. The motion also fails to specifically reference supporting documentation. Additionally, the motion is defective because it does not satisfy the requirement of new Rule 74.04(c)(1) which states a motion for summary judgment "shall state with particularity" grounds for summary judgment.

■ There are certain references to documentation in plaintiff's memorandum in support of her summary judgment motion and in her memorandum in opposition to defendants' summary judgment motion incorporated by reference. However, the incorporation by reference of a memorandum of law does not negate the requirements which are necessary for a properly drafted motion for summary judgment. *Moss*, 883 S.W.2d at 569.

■ We note defendants did not challenge the procedural form of plaintiff's motion for summary judgment in the court below. The

pleadings, discovery and affidavits in this case are lengthy. To determine whether the trial court erred in granting plaintiff's motion would require this court to sift through a voluminous record. As a matter of discretion, we decline to review the merits of plaintiff's motion. *Mathes v. Nolan,* —— S.W.2d —— (Mo.App.E.D. June 13, 1995, No. 67309).

We find the trial court erred in granting judgment on this defective motion. This point is dispositive. We need not address defendants' remaining points on appeal.

On cross-appeal, plaintiff argues the trial court erred in refusing to consider evidence she is permanently disabled within the meaning of the long-term disability plan. Our holding on point one renders the cross-appeal moot. As a result, defendants' motion to dismiss plaintiff's cross-appeal is likewise moot. Plaintiff's motion for damages for frivolous appeal is denied.

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

SMITH, P.J., and PUDLOWSKI, J., concur.