William J. KOMAN, Sr., Appellant,

v.

E.S. KROENKE, Michael H. Staenberg,
and THF Belleville Development,
L.P., Respondents.

William J. KOMAN, Sr., Appellant,

v.

Donald G. SOFFER, Respondent.

Nos. 67005, 67614.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 1995.

Joseph F. Devereux, Jr., Devereux, Murphy, Striler & Brickey, L.L.C., Clayton, for Koman.

Roger K. Heidenreich and Robert J. Isaacson, Sonnenschein, Nath & Rosenthal, St. Louis, for Kroenke, Staenberg and Belleville Development.

Gerald P. Greiman and Daniel V. Conlisk, Green, Hoffman, & Dankenbring, P.C., Clayton, for Soffer.

SIMON, Judge.

William Koman (Koman), appellant, appeals the granting of summary judgment in favor of Donald Soffer (Soffer), E.S. Kroenke, Michael Staenberg, and THF Belleville Development L.P. (collectively THF), respondents, in an action for breach of contract.

Appellant raises one point on appeal with five subpoints. In his first four subpoints, he essentially contends that the trial court erred in granting respondents' motions for summary judgment because genuine issues of material fact exist which preclude judgment for respondents as a matter of law. In his remaining subpoint, he contends that the trial court erred in granting summary judgment in favor of respondents because respondents' motions for summary judgment fail to comply with Missouri Rule of Civil Procedure 74.04. We reverse and remand.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid-Am Marine*, 854 S.W.2d 371, 376[1-3] (Mo. banc 1993). However, summary judgment is proper where the movant demonstrates that there are no genuine disputes as to a material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 380-381. Furthermore, where the movant is a "defending party" and does not bear the burden of persuasion at trial, that party need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *Id.* at 381[16]. Rather, a "defending party" may establish a right to judgment by showing facts that negate any one of the elements facts of claimant's claim. *Id.* If the movant meets this burden, the non-movant may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. *Id.;* Rule 74.04(e).

On May 14, 1993, appellant filed a four count petition against respondents alleging: 1) breach of contract (Count I); 2) fraud (Count II); 3) tortious interference with a contract (Count III); and 4) intentional harm to property interests (Count IV). Counts I, II, and III were directed against Soffer. Counts III and IV were directed against THF.

Appellant's petition reveals that he and Soffer were partners in a real estate development business from approximately 1980 until September 30, 1990 when they dissolved their partnership. As part of the dissolution of their partnership, appellant and Soffer entered into an option agreement on October 16, 1990. The option granted appellant the right to purchase a retail shopping center in Belleville, Illinois, for $3.7 million dollars. Pursuant to the option agreement, appellant had the right to exercise the option to purchase the property for a period of 90 days, commencing upon the final conclusion of a lawsuit then pending before the Illinois Court of Appeals, Fifth District. The lawsuit concerned whether a restrictive covenant prohibited the leasing of the property to a supermarket. The option agreement required Soffer to direct his counsel to keep appellant appraised of developments in the litigation and then notify appellant of the final conclusion of the litigation. The litigation was concluded on October 2, 1991. During the time the option agreement was being negotiated, appellant attempted to find new tenants for the property. The option agreement also required Soffer to provide appellant with all appraisals of the property, rent rolls, and leases concerning the property. Although Soffer never notified appellant of the final conclusion of the litigation, appellant learned of it on February 9, 1993.

Thereafter, on February 18, 1993, by letter from appellant to Soffer, appellant exercised his right to purchase the property under the option agreement. On February 24, 1993, Soffer entered into a purchase and sale agreement with THF for the sale of the property. The closing of the purchase of the property was consummated on March 5, 1993.

THF answered essentially denying the substantive allegations of appellant's petition. Further answering, THF stated that the option agreement required appellant to record his notice exercising the option agreement with the Recorder of Deeds of St. Clair County, Illinois, before the expiration of the 90–day exercise period. THF then filed a motion for partial summary judgment as to Counts III and IV, alleging that no genuine disputes exist as to a material fact and THF is entitled to judgment as a matter of law. In support of its motion, THF submitted a memorandum of law and the affidavit of Staenberg which stated that the purchase and sale agreement between Soffer and THF was amended to convey the property subject to any and all rights of appellant under the option agreement. THF also filed the supplemental affidavit of Michael Darnold, an employee of Chicago Title Insurance Company, stating that appellant did not record the notice exercising his option agreement with the Recorder of Deeds. THF's memorandum of law in support of its motion for summary judgment is not part of the record on appeal. The record does not indicate if appellant responded to this motion. The motion was granted.

Subsequently, Soffer filed a motion for summary judgment alleging the same grounds as THF, and that appellant could not establish any damages. In support of his motion, Soffer filed a memorandum of law alleging that appellant failed to record his notice of intent to exercise his option, and that appellant could not show any damages by his failure to exercise the option. The memorandum referred to THF's motion for summary judgment and its memorandum in support. Soffer's memorandum also referred to the affidavits of Staenberg and Darnold. Furthermore, Soffer's memorandum referred to appellant's petition, and the deposition of Soffer, which stated that the property was sold to THF for $3.2 million dollars. The record does not reveal if appellant responded to this motion. The motion was granted.

Initially, we shall address appellant's contention that the trial court erred in granting respondents' motions for summary judgment because said motions fail to comply with the requirements of Rule 74.04, in that they fail to state with particularity the grounds for which summary judgment was appropriate.

■ Here, THF's motion for summary judgment provides in pertinent part:

COMES NOW, Defendants THF ... and hereby move this Court, pursuant to Missouri Rule of Civil Procedure 74.04, for entry of summary judgment on Counts III and IV of Plaintiffs' [sic] Petition on the grounds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. In support of the *Motion*, the THF Defendants submit a Memorandum of Law and the Affidavit of Michael H. Staenberg.

Rule 74.04(c)(1) provides in pertinent part:

Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts.

Different material facts cannot be lumped together in a single paragraph. *Finley v. St. John's Mercy Medical Center*, 903 S.W.2d 670, 672[4] (Mo.App.1995). Moreover, in each separately numbered paragraph, the movant must give specific reference to the supporting documentation that demonstrates the lack of a genuine issue as to such facts. *Id.* Incorporation by reference of a memorandum of law does not negate the requirements which are necessary for a properly drafted motion for summary judgment. *Id.* at 672[5].

Clearly, THF's motion fails to set forth each material fact in separately numbered paragraphs and fails to specifically reference supporting documentation. *See* Rule 74.04(c)(1), *supra.* Although an affidavit is attached, the *motion* does not state with particularity why the affidavit demonstrates that there are no genuine issues of material fact and that THF is entitled to judgment as matter of law. Furthermore, THF's incorporation by reference of their memorandum of law does not negate the requirements which are necessary for a properly drafted motion

for summary judgment. *See Finley, supra.* As a result, THF's motion for summary judgment fails to comply with Rule 74.04(c)(1) and the trial court erred in granting summary judgment.

It is also apparent that Soffer's motion for summary judgment fails to meet the requirements of Rule 74.04(c)(1). Soffer's motion for summary judgment alleges the same arguments as THF's inadequate motion. Furthermore, although Soffer's motion sets forth separately numbered paragraphs, none of the paragraphs references supporting documentation such as pleadings, discovery, or affidavits as required by Rule 74.04(c)(1). Like THF's motion, Soffer's motion states that the grounds for the motion are set forth in the accompanying memorandum of law. However, this does not relieve Soffer of complying with the requirements of Rule 74.04(c)(1). *See Finley, supra.* As a result, the trial court erred in granting Soffer's motion for summary judgment.

There is, of course, no reason why respondents could not draft new motions for summary judgment and submit them for the trial court's determination. *See Johns v. Continental Western Ins. Co.,* 802 S.W.2d 196, 199[2] (Mo.App.1991). This court expresses no opinion on the merits of such motions. It is therefore unnecessary to consider appellant's remaining points on appeal. The judgment of the trial court is reversed and remanded.

CRANE, P.J. and TURNAGE, Senior Judge, concur.