**SIEMENS BUILDING TECHNOLO-GIES, INC., Plaintiff–Appellant,**

v.

**ST. JOHN'S REGIONAL MEDICAL CENTER and Mercy Lifecare Systems, Defendants–Appellants,**

and

**Environmental Energy Partners, Inc., Defendant–Respondent.**

No. 25603.

Missouri Court of Appeals, Southern District, Division One.

Jan. 6, 2004.

---

4

JoAnn T. Sandifer, St. Louis, Charles B. Cowherd, Springfield, Husch & Eppenberger, LLC, for Appellants.

Brian J. Rayment, Kivell, Rayment & Francis, P.C., Tulsa, OK, for Respondent.

GARRISON, Judge.

St. John's Regional Medical Center ("the Medical Center"), Mercy Lifecare Systems ("Mercy"), and Siemens Building Technologies, Inc. ("Siemens") (collectively, "Appellants") appeal from the trial court's judgment granting summary judgment in favor of Environmental Energy Partners, Inc. ("EEP") and awarding attorney fees to EEP. We reverse.

The factual and procedural background of this case is uncommonly complex. We endeavor, therefore, to recount only those facts necessary to resolve the issues decided in this opinion. To that end, the record indicates the following: the Medical Center and Mercy (collectively hereafter, "St. John's") are Missouri not-for-profit corporations. St. John's owns and operates a hospital in Joplin, Missouri, commonly known as the St. John's Regional Medical Center, and leases medical office space at that location. EEP is an Oklahoma corporation engaged in the business of supplying energy management control systems, and transacts such business in Missouri.

Siemens is a Delaware corporation authorized to transact business in Missouri, and is the successor, through corporate merger, to the entity formerly known as Landis & Staefa, Inc.

On January 28, 1999, EEP entered into a contract with St. John's ("the Contract") whereby EEP agreed to serve as general contractor for the installation of an energy management program at the aforementioned hospital. Pursuant to the Contract, St. John's agreed to pay for the "full, faithful, and prompt performance" of the work identified therein. The Contract specified a turnkey price for the work not to exceed $1,484,750, payable in ten equal payments of $148,475 on specified dates.

On March 24, 1998, prior to executing the Contract, EEP entered into a standard form construction subcontract ("the Subcontract") with Siemens whereby Siemens agreed to provide labor and materials needed to furnish and install the energy management program at the hospital. EEP agreed to pay Siemens $593,500 for the work according to a specified schedule.

EEP began work under the Contract and, pursuant to the terms of the Contract, St. John's paid to EEP $1,336,275 in nine equal installments of $148,475. St. John's withheld, however, the final payment of $148,475 due to a mechanic's lien filed by Siemens for payment for labor and materials in connection with the energy management program. The lien stemmed from EEP's refusal to pay Siemens the balance of the Subcontract price of $201,178.75 based upon EEP's allegations that the work had not been completed.

On July 1, 1999, Siemens filed in the trial court the aforementioned mechanic's lien statement and claim and, as required by statute, provided notice to St. John's as owners of the property in question. Siemens subsequently filed a petition to en-

force the mechanic's lien, naming EEP and St. John's as defendants and alleging that Siemens had fully performed its duties under the Subcontract and that EEP's failure to pay the balance of $201,178.75 was a breach of that agreement. On August 15, 1999, St. John's filed an answer and affirmative defenses to the petition and asserted a cross-claim against EEP alleging that the work required under the Contract was not complete.

EEP filed an answer to St. John's cross-claim on October 4, 1999 admitting that the work under the Contract remained incomplete, as well as a counterclaim against Siemens alleging that Siemens failed to timely complete its work under the Subcontract. On April 24, 2000, pursuant to stipulation of the parties, Siemens filed an amended petition to enforce the mechanic's lien, alleging substantially the same grounds and seeking the same relief as the original petition.

On August 3, 2000, Siemens and St. John's entered into a settlement agreement ("Settlement Agreement") in which both parties acknowledged the dispute between Siemens and EEP under the Subcontract and Siemens' claim for $201,178.75. The Settlement Agreement also acknowledged that St John's was withholding the final payment of $148,475 to EEP under the Contract. Pursuant to the Settlement Agreement, St. John's agreed to pay the $148,475 to Siemens upon entry of a judgment in the litigation between Siemens and EEP. In return, Siemens agreed to release its lien against the Medical Center, dismiss St. John's from the litigation, and indemnify St. John's against any claims of EEP arising out of the "direct payment" to Siemens of the settlement funds. Additionally, Siemens and St. John's agreed to a stipulation of fact in the pending litigation, in which St. John's acknowledged that all labor and materials required under the Contract had been furnished to its satisfaction. On August 11, 2000, St. John's dismissed its cross-claims against EEP. On August 15, 2000, Siemens amended its claim against EEP to reflect the dismissal of the lien, and Siemens and EEP proceeded to trial on Siemens' claim under the Subcontract.

During trial, the trial court granted a directed verdict in favor of Siemens on EEP's pending counterclaim against Siemens, and sustained a motion in limine precluding any evidence concerning that counterclaim. In light of this ruling, EEP sought and received leave of the trial court to file out of time an answer to Siemens' amended petition, in which EEP asserted affirmative defenses to Siemens' claim, including a claim of an offset resulting from Siemens' alleged breach of the Subcontract. EEP's answer to Siemens' amended petition also asserted a cross-claim against St. John's seeking payment of $148,475 under the Contract. It is this cross-claim that formed the basis for the grant of summary judgment underlying this appeal.

At the close of evidence, the jury entered a verdict in favor of Siemens on its contract claim against EEP and determined damages under that claim to be $52,703.75. The jury apparently reached this amount by reducing Siemens' original claim of $201,178.75 by St. John's $148,475 payment to Siemens under the Settlement Agreement. The jury also found in favor of EEP on its offset claim in the amount of $154,250 and stated that Siemens owed EEP $101,546.25.

The trial court entered judgment on the verdict. The judgment stated that:

[o]n the claim of [Siemens] against [EEP], Judgment is granted in favor of [Siemens] and against [EEP] on [Siemens'] Amended Petition for Breach of Contract. The Jury finding respecting

the off-set of [EEP] in the amount of $154,250[ ] is herewith credited as an off-set to the Jury finding in favor of [Siemens] for $52,703.75 and the Court Orders that [Siemens] take nothing from [EEP] by reason of said off-set and that [EEP] take nothing from [Siemens] by reason of said off-set.

The judgment acknowledged that EEP's counterclaim against Siemens was dismissed with prejudice and awarded costs to Siemens but, notably, denied both parties' motions for attorney fees. The trial court designated the judgment as final and appealable under Rule 74.01(b).[1] Neither party appealed.

As indicated above, EEP's answer to Siemens' amended petition also asserted a cross-claim against St. John's seeking payment of $148,475 under the Contract. St. John's filed an answer to the cross-claim, denying that it owed $148,475 to EEP and stating that the final payment under the Contract had been paid to Siemens in consideration of the release of its lien on St. John's property. St. John's asserted several affirmative defenses, including the defenses of payment and accord and satisfaction.

EEP twice moved for summary judgment on its cross-claim against St. John's. The first such motion, filed on August 29, 2000, was denied. The second motion, virtually identical to the first and filed on May 17, 2002, was granted. In its second motion, EEP alleged that St. John's overpaid Siemens $101,546.25, and that St. John's was indebted to EEP in that amount. St. John's asserted various arguments in opposition to EEP's motion, both in responses thereto and in a cross-motion for summary judgment.

On January 7, 2003, the trial court sustained EEP's motion for summary judgment as to St. John's and Siemens, even though EEP did not seek summary judgment on any claims against Siemens. It also sustained EEP's request for attorney fees, stating that "fees are to include all work on this case."

The trial court denied St. John's motion to reconsider its ruling, and on March 25, 2003, the court entered judgment granting EEP's motion for summary judgment and denying St. John's motion for summary judgment. The court entered judgment in favor of EEP and against Siemens and St. John's, jointly and severally, in the amount of $101,546.25, with interest and costs, plus attorney fees incurred since the commencement of the litigation in the amount of $41,606.25. The trial court stated that in its judgment that there was no just reason to delay an appeal, pursuant to Rule 74.01(b). This appeal followed.

It is well settled in Missouri that the propriety of summary judgment is an issue of law to be considered *de novo* by an appellate court, without deference to the findings of the trial court. *See ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); *Space Planners Architects, Inc. v. Frontier Town–Missouri, Inc.*, 107 S.W.3d 398, 402 (Mo.App. S.D. 2003). We are to review the entire record to determine whether there exists any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Dial v. Lathrop R–II Sch. Dist.*, 871 S.W.2d 444, 446 (Mo. banc 1994). In conducting this review, we consider the record in the light most favorable to the party against whom summary judgment

1. References to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

was entered, giving that party the benefit of all reasonable inferences. *ITT* at 376.

Appellants raise four points on appeal, of which we need address only two. In the first of these two points, point three, Appellants allege that the trial court erred in granting summary judgment in favor of EEP because EEP's motion did not comply with the mandatory provisions of Rule 74.04(c), which specifies the manner in which motions for summary judgment are to be presented. We agree, and find that the trial court's grant of summary judgment must be reversed.

■ At the time EEP filed its second motion for summary judgment, Rule 74.04(c) provided as follows: [2]

> (1) Motions for Summary Judgment. Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion.

The purpose of Rule 74.04(c) is to provide some assurance that opposing counsel, the trial court, and the appellate court can ascertain the specific basis or bases on which a movant alleges he or she is entitled to summary judgment. *Finley v. St. John's Mercy Medical Ctr.*, 903 S.W.2d 670, 672 (Mo.App. E.D.1995). This court has held previously that the provisions of Rule 74.04 are mandatory. *Chopin v.*

*AAA of Missouri*, 969 S.W.2d 248, 250 (Mo.App. S.D.1998) (citing *Butler v. Tippee Canoe Club*, 943 S.W.2d 323, 325 (Mo. App. E.D.1997)); *see also Moss v. City of St. Louis*, 883 S.W.2d 568, 569 (Mo.App. E.D.1994) (summary judgment reversed where motion failed to specify grounds upon which the movant contended he was entitled to summary judgment and where neither the motion nor the accompanying memorandum were structured as required by rule).

■ On its face, EEP's motion for summary judgment failed to comply with the mandatory provisions of Rule 74.04(c). First, the motion itself consists only of a summary request that the trial court "enter summary judgment in favor of [EEP] and against [Appellants] . . . for the reasons and upon the grounds that there are no issues of material fact which exist pertaining to [EEP's] claims and [EEP] is entitled to judgment as a matter of law." The motion thus failed to meet the requirement that it "state *with particularity* in separately numbered paragraphs *each material fact* as to which the movant claims there is no genuine issue, *with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue* as to such facts." Rule 74.04(c) (emphasis added). Indeed, EEP set out in its motion no facts whatsoever to support its request for summary judgment, relying instead on a bald contention that no genuine issue of fact existed and that EEP was therefore entitled to summary judgment as a matter of law.

Second, even if we were to ignore this failure, which we are not permitted to do, the memorandum accompanying EEP's motion contains six paragraphs—paragraphs one, two, five, nine, ten, and

**2.** Rule 74.04 was amended February 27, 2002, which amendment was effective January 1, 2003. Since EEP's second motion for summary judgment was filed May 17, 2002, we consider the version of Rule 74.04 that was in effect on that date.

twelve—which failed to refer to specific points in the record that demonstrated the lack of a genuine issue as to the particular fact discussed therein. Moreover, paragraphs four, five, six, and ten each set out multiple factual allegations as to which EEP contended there was no genuine issue, thereby violating the mandate that such facts be set out in "separately numbered paragraphs." Rule 74.04(c).

The technical violations of Rule 74.04 apparent in EEP's motion are, as we have stated, sufficient to warrant reversal of the grant of summary judgment. *See Chopin* at 250; *Butler* at 325; *Moss* at 568. The eastern district of this court reached a similar conclusion in *Finley*. There, as in the instant case, the plaintiff submitted a motion for summary judgment consisting of a bare assertion that she was entitled to summary judgment. *Id.* at 672. No documents or other evidence were attached to the motion in support of that claim. Rather, the plaintiff included in her motion a general reference to documents previously filed with the court. *Id.*

On appeal, the *Finley* court ruled that the motion was fatally defective and reversed the grant of summary judgment. *Id.* In so holding, the court noted that "[d]ifferent material facts cannot be lumped together in a single paragraph. Moreover, in each separately numbered paragraph, the movant *must* give *specific* reference to supporting documentation that demonstrates 'the lack of a genuine issue as to such facts.'" *Id.* The court also noted that the defective motion did not "state with particularity" the alleged grounds for summary judgment and, notably, that the incorporation by reference of a memorandum of law was insufficient to cure the apparent drafting defects in the motion itself. *Id.*

Similarly, in *Transatlantic Ltd. v. Salva,* 71 S.W.3d 670 (Mo.App. W.D.2002), a grant of summary judgment was reversed due to shortcomings in the plaintiff's motion for summary judgment. *Id.* at 675. There, the plaintiff brought an action against a guarantor on a promissory note. *Id.* at 672. The defendant was granted summary judgment on the basis of a one-sentence motion accompanied by a memorandum. *Id.* at 673. While the memorandum contained some references to material facts as to which the defendant claimed there was no genuine issue, it was bereft of citation to material in the record supporting that assertion. *Id.* at 675. The western district of this court reversed the grant of summary judgment due to the defendant's failure to adhere to the strictures of Rule 74.04. *Id.* In doing so, the court stated that it had

> been forced, as were [plaintiffs] and the trial court, to search the record for facts and legal arguments that entitle[d] [defendant] to summary judgment. That is not the process and burden contemplated by Rule 74.04.

*Id.* at 675.

■ Though it need not be to require reversal of summary judgment, EEP's failure to heed the requirements of Rule 74.04 was more than technical in nature. The policy concerns addressed by Rule 74.04 and discussed by the courts in *Finley* and *Transatlantic Ltd.* are manifest here as well, as EEP's motion does not adequately apprise the reader of the factual basis or bases supporting its claim that it was entitled to summary judgment as a matter of law. By way of example, in its supporting memorandum EEP states that it was seeking summary judgment on its cross-claim against St. John's. That cross-claim sought judgment against St. John's on the basis of St. John's breach of the Contract. Paragraph three of the memorandum supporting the summary judgment motion references the "contract" between "the par-

ties," citing the reader to Siemens' "trial exhibit 5," but not attaching that exhibit as required. That document, however, is the written record of the *Subcontract*, which was between EEP and Siemens. Indeed, it is not apparent from EEP's motion that the *Contract*, which was between EEP and St. John's and upon which the motion for summary judgment would properly be based, was ever admitted into evidence in the trial court. We are thus impermissibly left to speculate, as were the trial court and Appellants, as to the exact factual basis for EEP's motion for summary judgment. *See Transatlantic Ltd.* at 675.

Nor is it clear whether EEP based its motion for summary judgment upon the Contract or upon the Settlement Agreement. While the *cross-claim* was based upon the Contract, *the memorandum in support of the summary judgment motion* appears to have sought relief, at least in part, under the Settlement Agreement. In doing so, EEP misstated the terms of the Settlement Agreement and, more importantly, left it unclear that the trial court based its grant of summary judgment upon properly pleaded grounds, since EEP's memorandum posits a different basis for recovery (the Settlement Agreement) that did its cross-claim (the Contract). *See Moreland v. Farren–Davis*, 995 S.W.2d 512, 516 (Mo.App. W.D.1999) (movant for summary judgment must demonstrate in his or her motion entitlement to summary judgment on a theory of recovery within the scope of the movant's petition). EEP's failure to follow the mandates of Rule 74.04 dictate that the portion of the trial court's judgment granting summary judgment in favor of EEP must be reversed.

■ In their fourth point, Appellants claim that the trial court's decision to award attorney fees to EEP was erroneous in that the trial court lacked jurisdiction to compel St. John's to pay attorney fees arising out of the litigation between EEP and Siemens, which was fully adjudicated by way of the trial court's November 28, 2000 judgment. We agree.

The jury verdict and the trial court's subsequent judgment of November 28, 2000 resolved the dispute between Siemens and EEP arising under the Subcontract, but did not address any claims of EEP against St. John's. Following entry of that judgment, EEP filed a motion seeking attorney fees from Siemens, which motion was denied by the trial court. No appeal was taken from the judgment or the denial of EEP's motion.

EEP's cross-claim against St. John's, which formed the basis for the summary judgment from which St. John's now appeals, was filed at the commencement of the jury trial of EEP's claims against Siemens and was not adjudicated at that trial. Nevertheless, the trial court's ruling of January 7, 2003 addressing EEP's motion for summary judgment awarded attorney fees to EEP for "all work on this case." Pursuant to that ruling, EEP filed a motion seeking $41,606.25 in attorney fees, which EEP acknowledged included fees incurred in connection with its claim against Siemens under the Subcontract and its defense of Siemens' claim against EEP, both of which were resolved by way of the trial and the November 28, 2000 judgment. These were the same fees the trial court had previously declined to award EEP following that judgment, from which denial EEP did not appeal. The trial court nevertheless awarded those fees to EEP in its final judgment of March 25, 2003, from which this appeal flows.

■ It has long been the case that an award of attorney fees must be made, if at all, while the trial court retains jurisdiction over the underlying judgment. *See Flynn v. First Nat'l Safe Deposit Co.*, 284 S.W.2d

593, 595–96 (Mo.1955); *Skyles v. Burge,* 789 S.W.2d 116, 120 (Mo.App. E.D.1990) (trial court retains jurisdiction to award attorney fees for thirty days following entry of judgment). Here, the judgment of November 28, 2000 adjudicating the claims between Siemens and EEP under the Subcontract had long been final by the time judgment was entered on EEP's cross-claim against St. John's on March 25, 2003. *See* Rule 75.01 (granting trial court jurisdiction over its judgments for thirty days from date of entry); *see also Skyles* at 120; *Cozart v. Mazda Distrib., Inc.,* 861 S.W.2d 347, 352 (Mo.App. S.D.1993). Specifically, after December 28, 2000, it was beyond the trial court's jurisdiction to award attorney fees arising out of EEP's dispute with Siemens under the Subcontract. The portion of its judgment of March 25, 2003 purporting to do so must, therefore, be reversed.

Additionally, the balance of the attorney fees awarded to EEP by way of the March 25, 2003 judgment must be reversed because of our disposition of Appellants' claim under point three, namely, our holding that it was error to grant summary judgment against St. John's. This ruling clearly strips away any basis for awarding attorney fees to EEP arising out of its cross-claim against St. John's.

The judgment of the trial court is reversed to the extent that it granted summary judgment in favor of EEP and awarded attorney fees to EEP. In all other respects, the judgment is affirmed and the case is remanded for further proceedings consistent with this opinion.

BARNEY, P.J., and PREWITT, J.— concur.