**Opinion issued August 6, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00434-CV**

———————————

**IN RE KATHERINE LOUISE KING, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Katherine Louise King, has filed a petition for writ of mandamus, challenging the trial court's two orders of May 6, 2013, in which it denied her amended plea to the jurisdiction, appointed a discovery master, and ordered the parties to provide $10,000 "up-front security" to the discovery master.[1]  Katherine

---

[1]  The underlying case is styled *In the Matter of Marriage of Katherine Louise King and Christopher Michael King and In the Interest of R.A.K., a Child*, No. 2011-23444, in the 311th District Court of Harris County, Texas, the Honorable Denise V. Pratt presiding.

contends that the trial court abused its discretion in denying her amended plea to the jurisdiction and the appointment of a discovery master violates Texas Rule of Civil Procedure 171.

We conditionally grant the writ in part, and deny mandamus relief in part.

## Background

Katherine and Christopher King were married in 1998, had one child, and separated in 2005. In 2007, Christopher suffered a traumatic brain injury in a car accident, and, in 2011, Katherine initiated divorce proceedings. Christopher's father, Rodney King, appeared in the case as the guardian of Christopher's person and estate. The parties contested the division of the community estate, visitation rights to the child, and the management of the child's trust fund. After Rodney sought production of documents from the child's trust fund, the trial court, on its own motion, appointed a discovery master. Katherine objected, and has refused to participate in any proceedings before the discovery master. After hearing additional arguments, including the discovery master's motion for deposit of costs, the trial court overruled Katherine's objections to appointment of the discovery master and issued an amended order appointing a discovery master. It further ordered both parties to pay the discovery master $5,000 for her initial "fees and expenses."

2

**Appointment of Discovery Master**

Katherine argues that the trial court erred in appointing the discovery master because there is no evidence to "justify the appointment," there is no "highly complex, technical issue," the appointed master has "no technical skills," and there are "no specifics on the discovery master's duties." Rodney argues that Katherine is not entitled to mandamus relief because she has not sought vacatur from the trial court nor requested a modification, clarification, or limitation of the amended order appointing a discovery master. Nevertheless, he concedes that although "the ultimate issues in this case are factually and emotionally difficult," they are "not sufficiently technical to warrant a global order relative to discovery" and the trial court's order "lacks specificity" on the reasons for the appointment and the discovery master's expertise. Rodney further agrees that there is no factual basis to support the trial court's order that the parties pay an up-front security deposit to the discovery master.

The appointment of a discovery master is within the discretion of the trial court and should only be overruled when there is a clear abuse of discretion. *See Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex. 1991); *see also In re Harris*, 315 S.W.3d 685, 704 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). A trial court clearly abuses its discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d

3

149, 151 (Tex. 2003). A trial court's improper appointment of a discovery master is reviewable by mandamus because requiring the parties to reserve their complaint until appeal would effectively deny them relief from the trial court's order. *See Simpson*, 806 S.W.2d at 812; *In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.— Houston [14th Dist.] 1999, orig. proceeding).

The power to appoint a discovery master stems from rule 171, which states that:

> The court may, in exceptional cases, for good cause appoint a master in chancery, who shall be a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity.

TEX. R. CIV. P. 171; *see In re Harris*, 315 S.W.3d at 703–04 ("[Rule 171] is the exclusive authority for the appointment of masters in Texas state courts."). Every referral to a discovery master, "unless authorized by statute or consented to by the parties, must comply with Rule 171." *Simpson*, 806 S.W.2d at 810. The "exceptional condition" requirement of rule 171 cannot be met by showing that a case is complicated or time-consuming or that the trial court is busy. *See La Buy v. Howes Leather Co.*, 352 U.S. 249, 259, 77 S. Ct. 309, 315 (1957); *Simpson*, 806 S.W.2d at 811. However, it is appropriate to appoint a discovery master when comprehensive analysis of highly technical data is necessary. *See TransAmerican Natural Gas Corp. v. Mancias*, 877 S.W.2d 840, 843 (Tex. App.—Corpus Christi

4

1994, orig. proceeding) (noting that even with highly technical data, duty remains with trial judge to review documents and "make the ultimate determination").

Here, in its order referring the matter to a discovery master, the trial court stated simply: "The Court finds good cause exists in this exceptional case involving at least one technical issue that Donna Detamore be appointed discovery master in this case." The order is a "blanket" order and contains no limits or exclusions. Even in exceptional cases, the Texas Supreme Court has expressed reluctance to approve a trial court's delegation of all discovery to a discovery master. *See Simpson*, 806 S.W.2d at 812.

The underlying case involves the division of the community estate between Christopher and Katherine, and a Suit Affecting the Parent-Child Relationship ("SAPCR"), including the management of the child's trust fund. The record does not demonstrate that the discovery matters in this dispute, including the financial records of the trust, rise to the level of technical complexity required for the delegation to a discovery master as provided in rule 171. The issues are ones in which the trial court has experience. And even though financial documents will be included in the litigation, the record does not demonstrate that the discovered material will be too complex for the trial court to consider. *See Simpson*, 806 S.W.2d 802 (denying appointment of discovery master in complex toxic-tort case).

Additionally, there is no evidence in the record that the appointed discovery master has expertise relative to the issues that the trial court lacks. A special master must possess specialized knowledge or skill that the trial court does not have, but needs to decide a particular case. *See In re Harris*, 315 S.W.3d at 704 (determining special master not required in defamation suit because discovery was not of a "highly technical nature"); *Hourani v. Katzen*, 305 S.W.3d 239, 247–48 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (appointment of a special master with engineering expertise may be required to assist trial court); *TransAmerican*, 877 S.W.2d at 843 (complex documents may require analysis by individual with technical and legal background). Here, nothing in the record indicates that the appointed master has any unique legal expertise or technical background to assist the trial court. Although she is a family law attorney, the appointed master does not possess any special skills that the trial court lacks regarding the financial documents related to the child's trust.

Finally, Katherine argues that the trial court erred in requiring the parties to pay $5,000 each for the discovery master's "fees and expenses" because such "up-front security costs" are prohibited by rule 171 and are excessive. Rodney agrees that "under the present circumstances [there is] no factual basis to support the kind of up front deposit by the parties to the discovery master."

A trial court "shall award reasonable compensation to such master to be taxed as costs of suit." TEX. R. CIV. P. 171. However, a trial court may not require the parties to pay anticipated costs or security for costs which have not accrued. *TransAmerican*, 877 S.W.2d at 844 (abuse of discretion for trial court to order advance payment of $10,000 security).

Rule 143 provides the only basis for requiring a party to give security for costs before a final judgment is issued. "A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion." TEX. R. CIV. P. 143. Although rule 143 generally allows a trial court to require parties to post a security for costs that have already accrued, it does not contemplate security fees for anticipated costs. *See TransAmerican*, 877 S.W.2d at 844; *Johnson v. Smith*, 857 S.W.2d 612, 615–16 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). A trial court abuses its discretion in improperly ordering parties to pay a fixed amount of security prior to the issuance of a final judgment. *See Johnson*, 857 S.W.2d at 615–16; *Hackler v. N.D.*, No. 02-08-392, 2009 WL 2138945, at *4 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.). Here, the trial court abused its discretion by requiring that each party pay $5,000 for the discovery master's "fees and expenses" because there is no evidence that any costs have accrued.

7

We conclude that the record reveals that this case does not meet the "exceptional case" and "good cause" requirements of rule 171. Accordingly, we hold that the trial court erred in appointing a discovery master. We further hold that the trial court erred in requiring the parties to pay "up-front security" costs to the discovery master.

## Conclusion

We conditionally grant a writ of mandamus directing the trial court to vacate its May 6, 2013 Amended Order Appointing Discovery Master, referring the underlying proceeding to a discovery master and requiring the parties to each pay the discovery master $5,000 for security for her fees and expenses. However, this writ will issue only if the trial court fails to comply with the order of this Court. We deny mandamus relief concerning the trial court's May 6, 2013 order denying Katherine's plea to the jurisdiction.

Terry Jennings
Justice

Panel consists of Justices Jennings, Brown, and Huddle.